Maurice Lee ANDERSON, Appellant,

v.

The STATE of Texas, State.

No. 2–97–553–CR.

Court of Appeals of Texas, Fort Worth.

Dec. 28, 1998.

Rehearing Overruled Feb. 25, 1999.

Johnson, Vaughn & Heiskell, Michael P. Heiskell, Fort Worth, for Appellant.

Tim Curry, Criminal Dist. Atty., Charles M. Mallin, Assistant D.A., Chief of the Appellate Section, Donald J. Pillar and Jason Schuette, Assistant D.A.'s, Fort Worth, for Appellee.

Before CAYCE, C.J., DAY and LIVINGSTON, JJ.

## OPINION ON REHEARING

JOHN CAYCE, Chief Justice.

Appellant's motion for rehearing is denied. We withdraw our opinion and judgment of August 6, 1998 and substitute the following.

Maurice Lee Anderson appeals from his conviction for possession of a firearm by a felon based on an open plea of guilty. After accepting his plea of guilty, the trial court sentenced him to ten years' confinement. In a sole point, appellant argues that his guilty plea was made without knowledge that the range of punishment was two to twenty years' confinement. The State concedes, and the record reflects, that the trial court failed to admonish appellant of the range of punishment as required by article 26.13(a)(1). *See* Tex.Code Crim. Proc. Ann. art. 26.13(a)(1) (Vernon 1989).[1] Because we determine that this error did not affect appellant's substantial rights, we disregard the error and affirm the trial court's judgment.

On August 3, 1995, appellant was indicted for unlawful possession of a firearm by a felon. *See* Tex. Penal Code Ann. § 46.04 (Vernon 1994). Because of a prior felony

conviction, the charge was enhanced to a second degree felony which carries a potential penalty of two to twenty years' incarceration plus a fine not to exceed $10,000. *See id.* § 12.33.

On September 9, 1996, appellant and his counsel signed a one page fill-in-the-blank style instrument titled "Plea Bargain Agreement." In a blank marked "PENALTY," a handwritten notation states "2 to 20 yrs[.] IDTDCJ." A handwritten notation in another blank marked "AGREED RECOMMENDATION" states "Open Plea—State Rec. 7 yrs[.] IDTDCJ."[2] The purported plea bargain agreement, however, was withdrawn and appellant entered an open plea of guilty. Before accepting the guilty plea, the trial court informed appellant of his right to a jury trial; his right to call witnesses and to make the State prove its charges; his right not to incriminate himself; and, that if appellant were not a United States citizen, a guilty verdict could lead to his deportation. *See* Tex.Code Crim. Proc. Ann. art. 26.13(a)(2)-(4). The trial court, however, neglected to inform appellant of the range of punishment prior to accepting his plea.

Appellant contends that his conviction must be reversed because, prior to accepting his plea, the trial court failed to admonish him of the range of punishment attached to his enhanced offense. He claims that if he "had been properly admonished by the court as to the range of punishment [he] would have almost certainly accepted the 7 years which was offered by the State." The State concedes that the trial court's failure to admonish appellant of the range of punishment is error, but contends the error was harmless.

 Generally, an open plea of guilt waives all nonjurisdictional error occurring prior to the entry of the plea. *See Flowers v. State,* 935 S.W.2d 131, 132 (Tex.Crim.App. 1996); *Helms v. State,* 484 S.W.2d 925, 927

---

1. **Art. 26.13. Plea of guilty**

 (a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

 (1) the range of the punishment attached to the offense.

*Id.*

2. Neither party has offered an explanation why the anomalous words "open plea" appear in the instrument.

(Tex.Crim.App.1972); *Fontenot v. State*, 932 S.W.2d 185, 195 (Tex.App.—Fort Worth 1996, no pet.). Because this waiver rule presupposes a knowing and voluntary plea of guilt, however, it does not apply to a complaint that a plea is involuntary. *See, e.g., Flowers*, 935 S.W.2d at 132; *Shallhorn v. State*, 732 S.W.2d 636, 637 (Tex.Crim.App. 1987); *Meyers v. State*, 623 S.W.2d 397, 401 (Tex.Crim.App. [Panel Op.] 1981).

▮ The purpose and function of the admonishments embodied in article 26.13 is to assist the trial court in making the determination that a guilty plea is truly voluntary. *See Carranza v. State*, 980 S.W.2d 653, 656 (Tex.Crim.App.1998). However, the plain language of article 26.13 clearly directs the trial court to give the admonishments "[*p* ]*rior to* accepting a plea of guilty or a plea of nolo contendere." TEX.CODE CRIM. PROC. ANN. art. 26.13(a) (emphasis supplied). Thus, any failure to comply with article 26.13(a) is nonjurisdictional error occurring before the plea is entered. *See Brown v. State*, 915 S.W.2d 533, 536 (Tex.App.—Dallas 1995), *aff'd*, 943 S.W.2d 35 (Tex.Crim.App. 1997); *McGowin v. State*, 912 S.W.2d 837, 841 (Tex.App.—Dallas 1995, no pet.). Consequently, an appellant who makes an open plea of guilt is barred from complaining on appeal that the trial court erred in failing to give the required admonishments under article 26.13, unless it is alleged that the admonishment failure rendered the guilty plea unknowing and involuntary. *See Brown*, 915 S.W.2d at 536; *McGowin*, 912 S.W.2d at 841. Because the appellant in this case asserts that "[t]he admonishment as to the range of

punishment is relevant to the plea's voluntariness," we will address his point.

In *High v. State*, the court of criminal appeals held that failure to admonish a defendant under article 26.13(a)(1) is not "automatic[ally] reversible error, without regard to harm." 964 S.W.2d 637, 638 (Tex.Crim. App.1998). Instead, an appellate court must "conduct a harm analysis pursuant to Rule 44.2." *Id.*[3] The court in *High*, however, did not indicate which of the two standards embodied within Rule 44.2—"constitutional error" or any "other errors"—applies to a complaint based on a failure to admonish under article 26.13(a)(1). Thus, our threshold inquiry in determining which harm analysis applies is whether a failure to admonish under article 26.13(a)(1) is constitutionally based error requiring review under Rule 44.2(a), or "other error" reviewed under Rule 44.2(b).

Although the appropriate standard of review for a failure to admonish under article 26.13(a)(1) was not addressed in *High*,[4] we do have guidance from a subsequent decision of the court of criminal appeals. In *Carranza*, the court held that failure to admonish as to the deportation consequence of a guilty plea under article 26.13(a)(4) is "nonconstitutional" error evaluated under Rule 44.2(b). *Carranza*, 980 S.W.2d at 656,. In reaching this result, the court first considered the purpose of plea admonishments as stated in *McCarthy v. United States*, 394 U.S. 459, 465–66, 89 S.Ct. 1166, 1170–71, 22 L.Ed.2d 418 (1969):

> First, although the procedure embodied in [admonishment] has not been held to be constitutionally mandated, it is designed to assist the district judge in making the

---

3. **44.2 Reversible Error in Criminal Cases.**
 (a) *Constitutional Error.* If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.
 (b) *Other Errors.* Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.
 TEX.R.APP. P. 44.2.

4. The question of which harm standard should be applied to admonishment error has been ad-

dressed by our sister courts, but with conflicting results. *Compare Aguirre–Mata v. State*, 962 S.W.2d 264 (Tex.App.—Houston [1st Dist.] 1998, pet. granted), *and Anders v. State*, 973 S.W.2d 682 (Tex.App.—Tyler 1997, pet. ref'd) (op. on reh'g), *cert. denied*, —— U.S. ——, 119 S.Ct. 265, 142 L.Ed.2d 218 (1998) (involuntariness complaints based on failures to admonish are constitutionally based requiring review under Rule 44.2(a)), *with Raney v. State*, 958 S.W.2d 867 (Tex.App.—Waco 1997, pet. granted) (involuntariness complaint based on lack of deportation admonishment is statutorily based and analyzed on review under Rule 44.2(b)).

constitutionally required determination that the guilty plea was truly voluntary. Second, the rule is intended to produce a complete record at the time the plea is entered of the factors relevant to the voluntariness determination. Thus the more meticulously the rule is adhered to, the more it tends to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post conviction attacks on the constitutional validity of guilty pleas ... [.] A defendant who enters a guilty plea simultaneously waives several constitutional rights, including his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be "an intentional relinquishment of a known right or privilege." *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Consequently, if a defendant's guilty plea is not equally knowing and voluntary, it has been obtained in violation of the due process and is therefore void. Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.

*Carranza,* 980 S.W.2d at 656; *see also Ex parte Morrow,* 952 S.W.2d 530, 534 (Tex. Crim.App.1997) ("The purpose and function of Article 26.13 are to ensure that only a constitutionally valid plea is entered and accepted by the trial court.") (citing *Meyers,* 623 S.W.2d at 402), *cert. denied,* — U.S. ——, 119 S.Ct. 40, 142 L.Ed.2d 31 (1998). The court then concluded that, although the deportation admonishment aids the trial court in making the determination that the plea is both knowing and voluntary, "the admonishment itself is not constitutionally required." *Carranza,* 980 S.W.2d at 656. Therefore, the court determined that the failure of the trial court to admonish the appellant regarding his deportation status was nonconstitutional error. *See id.*

■ Under the rationale and holding of *Carranza,* we are constrained to conclude

that the admonishment error in this case is statutory, rather than constitutional, in nature. *See also Raney,* 958 S.W.2d at 873. Accordingly, we hold that our determination of whether the appellant was harmed as a result of the trial court's failure to admonish him of the range of punishment is governed by Rule 44.2(b).

■ Under Rule 44.2(b), we assess harm stemming from a failure to admonish pursuant to article 26.13 by reviewing the entire record for evidence that appellant's " 'knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty.' " *Id.* at 874 (quoting *United States v. Johnson,* 1 F.3d 296, 302 (5th Cir.1993)). Only if the record shows that appellant "was not aware of the consequences of his plea and that he was misled or harmed" by the failure to admonish does the error affect his substantial rights. *Carranza,* 980 S.W.2d at 657–58.

■ As noted above, the record shows that, prior to making his open plea, appellant and his attorney signed an instrument showing the correct range of punishment—"2 to 20 yrs[.] IDTDCJ." Although the plea bargain was never consummated, this signed instrument affirmatively shows that appellant was personally aware that the "penalty" for his offense was "2 to 20 yrs[.] IDTDCJ."[5] There is no evidence in the record indicating that appellant did not understand the information contained in the instrument when he signed it. We also note that appellant does not contend, and the record does not show, that appellant would not have pleaded guilty had he been given the admonishment. In fact, appellant concedes that if he had been properly admonished he would have "almost certainly accepted the 7 years which was offered by the State" in the course of the failed plea bargain negotiations that preceded his open plea. This statement belies any purported assertion that appellant would not have pleaded guilty had he been properly admonished.[6] We conclude, therefore, that

**5.** As a second degree felony, appellant's enhanced offense also carried the potential for a $10,000 fine. *See* TEX. PENAL CODE ANN. § 12.33. Although the fine was not included in the handwritten notations on the withdrawn plea agree-

ment form, appellant does not complain that the lack of this information in any way affected his decision to plead guilty.

**6.** Appellant has not complained that he was unaware of the range of punishment when he re-

appellant was aware of the range of punishment for the enhanced offense of unlawful possession of a firearm, that he entered his open guilty plea voluntarily and knowingly, and that the court's failure to admonish appellant pursuant to article 26.13(a)(1) did not affect appellant's substantial rights. Thus, we disregard the trial court's error in failing to give appellant the punishment range admonishment. *See* TEX.R.APP. P. 44.2(b).

We overrule appellant's sole point and affirm the judgment of the trial court.

jected the State's offer of seven years. Although the record does not indicate why appellant may have chosen to reject the State's offer, it appears that he may have anticipated that the trial court would give him a lighter sentence and that he now regrets his decision to turn down the State's more lenient offer.