02-10-307-CR















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00307-CR

 

 


 
 
 William F. Lee
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

----------

 

FROM THE
371st District Court OF Tarrant
COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          Appellant William F. Lee appeals his
conviction and fifteen-year sentence for burglary of a habitation.  We affirm.

          A grand jury indicted appellant for
burglary of a habitation, which is a second-degree felony;[2] the
indictment contained a repeat offender notice alleging that appellant had been
previously convicted of another felony. Appellant received appointed counsel.  His counsel filed several motions, including
a motion for a competency examination on the grounds that appellant had “flawed
reasoning” and that his counsel wanted to “rule out retardation issues.”  The trial court ordered an examination, and a
licensed psychologist conducted the examination and wrote a report that
detailed appellant’s troubling childhood and adolescence, his dissatisfaction
with his trial counsel, his “generally logical thought processes with no
evidence of psychosis,” and the psychologist’s opinion that appellant was
competent to stand trial.[3]

          Appellant eventually entered an open
guilty plea, and he pled true to the repeat offender notice.[4]  He received written admonishments about his
plea, waived constitutional and statutory rights (which included waiving
preparation of a presentence investigation report), and entered a judicial
confession.  After hearing evidence and
arguments from both sides regarding punishment, the trial court sentenced
appellant to fifteen years’ confinement.[5]  Appellant filed notice of this appeal.

          Appellant’s appointed appellate
counsel has filed a motion to withdraw as counsel and a brief in support of that
motion.  Counsel’s brief and motion meet
the requirements of Anders v. California
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief.  386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967).  We gave appellant an opportunity to respond
to his counsel’s Anders brief, but he
has not done so, and the State has also not filed a brief.

          Once an appointed attorney files a
motion to withdraw on the ground that the appeal is frivolous and fulfills the
requirements of Anders, we must
independently examine the record.  See Stafford v. State, 813 S.W.2d
503, 511 (Tex. Crim. App. 1991); Mays v.
State, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).  Only then may we grant counsel’s motion to
withdraw. See Penson
v. Ohio, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).  Because appellant entered an open guilty plea,
our independent review for potential error is limited to jurisdictional
defects, the voluntariness of his plea, error that is not independent of and
supports the judgment of guilt, and error occurring after entry of the plea.  See Monreal v. State, 99 S.W.3d 615, 620
(Tex. Crim. App. 2003); Young v. State,
8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000); Anderson v. State, 985 S.W.2d 195, 196–97 (Tex. App.—Fort Worth
1998, pet. ref’d).

          We have carefully reviewed the record
and counsel’s Anders brief. We agree
with counsel that this appeal is wholly frivolous and without merit; we find
nothing in the record that might arguably support the appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 827–28 (Tex. Crim.
App. 2005).  Accordingly, we grant
counsel’s motion to withdraw and affirm the trial court’s judgment.

 

 

PER CURIAM

 

PANEL:  LIVINGSTON, C.J.;
MCCOY and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  January 27, 2011











          [1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. § 30.02(a), (c)(2)
(Vernon 2003).





[3]Appellant
did not object to his competency to stand trial after the psychologist filed
his report.





[4]The
trial court ensured that appellant understood the charge against him and the
effect of his guilty plea.





[5]The
State called witnesses to discuss appellant’s burglary, in which he went into
an apartment to steal a television, a computer tower, and other items.  In an attempt to mitigate punishment,
appellant called family members who testified about his difficult personal
background.