

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00307-CR

WILLIAM F. LEE                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                               STATE

----------

## FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## **MEMORANDUM OPINION**[1]

----------

Appellant William F. Lee appeals his conviction and fifteen-year sentence for burglary of a habitation. We affirm.

A grand jury indicted appellant for burglary of a habitation, which is a second-degree felony;[2] the indictment contained a repeat offender notice alleging that appellant had been previously convicted of another felony. Appellant

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 30.02(a), (c)(2) (Vernon 2003).

received appointed counsel. His counsel filed several motions, including a motion for a competency examination on the grounds that appellant had "flawed reasoning" and that his counsel wanted to "rule out retardation issues." The trial court ordered an examination, and a licensed psychologist conducted the examination and wrote a report that detailed appellant's troubling childhood and adolescence, his dissatisfaction with his trial counsel, his "generally logical thought processes with no evidence of psychosis," and the psychologist's opinion that appellant was competent to stand trial.[3]

Appellant eventually entered an open guilty plea, and he pled true to the repeat offender notice.[4] He received written admonishments about his plea, waived constitutional and statutory rights (which included waiving preparation of a presentence investigation report), and entered a judicial confession. After hearing evidence and arguments from both sides regarding punishment, the trial court sentenced appellant to fifteen years' confinement.[5] Appellant filed notice of this appeal.

---

[3]Appellant did not object to his competency to stand trial after the psychologist filed his report.

[4]The trial court ensured that appellant understood the charge against him and the effect of his guilty plea.

[5]The State called witnesses to discuss appellant's burglary, in which he went into an apartment to steal a television, a computer tower, and other items. In an attempt to mitigate punishment, appellant called family members who testified about his difficult personal background.

Appellant's appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). We gave appellant an opportunity to respond to his counsel's *Anders* brief, but he has not done so, and the State has also not filed a brief.

Once an appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.— Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Because appellant entered an open guilty plea, our independent review for potential error is limited to jurisdictional defects, the voluntariness of his plea, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the plea. *See Monreal v. State*, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); *Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000); *Anderson v. State*, 985 S.W.2d 195, 196–97 (Tex. App.—Fort Worth 1998, pet. ref'd).

We have carefully reviewed the record and counsel's *Anders* brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v.*

3

*State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: LIVINGSTON, C.J.; MCCOY and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 27, 2011