02-10-009 & 010-CR












 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

                                              
NOS.
02-10-00009-CR

                                                     
02-10-00010-CR

 

 


 
 
 Maurice Henry Mason
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 396th District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

         
Appellant Maurice Henry Mason appeals his convictions and twenty-year
concurrent sentences for two robberies.  We grant appellant’s appointed
counsel’s motion to withdraw and affirm the trial court’s judgments.

         
A grand jury indicted appellant for two robberies that, according to the
indictments, occurred in November 2008.  Both indictments contained a
habitual offender notice alleging that appellant had been previously convicted
of a burglary in Texas and a felony drug offense in New York.  The trial
court appointed counsel to represent appellant.  His counsel persuaded the
trial court to appoint an investigator and filed various pretrial motions
relating to discovery and other matters.  Appellant filed some pro se
motions, including a motion to dismiss the indictments’
New York offense enhancement allegation.

         
Appellant eventually entered open guilty pleas.  At the time he made the
pleas, he received written admonishments, entered judicial confessions,
acknowledged that he was aware of the consequences of the pleas, expressed that
he was satisfied with the representation he had received,[2] waived several constitutional and
statutory rights, and expressly waived all pretrial motions that had been
filed.  The trial court accepted appellant’s guilty pleas and his pleas of
true to the Texas burglary enhancement allegation, and it ordered a presentence
investigation.

         
Months later, the trial court held a sentencing hearing.  At that hearing,
the State waived the New York offense enhancement allegations in the
indictments.[3]
The State then rested on the presentence investigation report rather than
presenting punishment evidence.  Appellant affirmed again that he was
satisfied with his counsel’s representation and called his wife and himself to
testify in an attempt to request leniency from the trial court.[4]

         
After hearing closing arguments, the court sentenced appellant to twenty years’
confinement for both convictions and ordered the sentences to run
concurrently.  Appellant filed notices of these appeals.

         
Appellant’s court-appointed appellate counsel has filed a motion to withdraw as
counsel and a brief in support of that motion.  Counsel’s brief and motion
meet the requirements of Anders v. California by presenting a
professional evaluation of the record demonstrating why there are no arguable
grounds for relief.  386 U.S. 738, 744–45, 87 S. Ct.
1396, 1400 (1967).  We gave appellant an opportunity to file a pro
se brief, and he has done so, arguing that he received ineffective assistance
of counsel,[5]
his guilty pleas are involuntary, and his presentence investigation report
lacked a psychological evaluation.  The State filed a brief,
responding to appellant’s arguments, and appellant filed a reply brief.

         
As the reviewing court, we must conduct an independent evaluation of the record
to determine whether counsel is correct in determining that the appeals are
frivolous.  See Stafford v. State, 813 S.W.2d
503, 511 (Tex. Crim. App. 1991); Mays v. State, 904 S.W.2d
920, 923 (Tex. App.—Fort Worth 1995, no pet.).  Only then may we grant
counsel’s motion to withdraw.  See Penson v.
Ohio, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).  Because
appellant entered open guilty pleas, our independent review for potential error
is limited to jurisdictional defects, the voluntariness of his pleas, error
that is not independent of and supports the judgments of guilt, and error
occurring after entry of the pleas.  See Monreal v. State, 99 S.W.3d
615, 620 (Tex. Crim. App. 2003); Young v. State, 8 S.W.3d
656, 666–67 (Tex. Crim. App. 2000); Anderson v. State, 985 S.W.2d 195, 196–97 (Tex. App.—Fort Worth 1998, pet. ref’d).

         
We have carefully reviewed the record, counsel’s brief, appellant’s pro se
brief and reply brief, and the State’s brief.  We agree with counsel that
these appeals are wholly frivolous and without merit; we find nothing in the
record that arguably might support the appeals.  See Bledsoe v. State,
178 S.W.3d 824, 827–28 (Tex.
Crim. App. 2005).  Accordingly, we grant counsel’s motion to withdraw and
affirm the trial court's judgments.

 

PER CURIAM

 

PANEL: 
LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  March 10,
2011

 











[1]See
Tex. R. App. P. 47.4.





[2]Appellant’s
guilty pleas occurred in September 2009.  During an earlier pretrial
hearing, in which appellant rejected a plea bargain agreement, he told the
court that he wanted a new attorney, but the court denied the request.





[3]This
waiver, which left only the Texas burglary conviction as an enhancing offense,
reduced appellant’s minimum possible punishment.  Robbery is typically a
second-degree felony that carries a punishment range of two to twenty years’
confinement.  See Tex. Penal Code Ann. § 12.33(a) (Vernon Supp.
2010), § 29.02(b) (Vernon 2003).  With one previous felony conviction,
someone convicted of a second-degree felony is punished under the
first-degree-felony range of five to ninety-nine years or life in prison. 
See id. §§ 12.32(a), .42(b) (Vernon Supp. 2010). 
If a defendant is convicted of a second-degree felony and has two prior felony
convictions, the defendant faces a punishment range of twenty-five to
ninety-nine years or life in prison.  Id. §
12.42(d).





[4]Appellant’s
wife testified about appellant’s drug problem and how he is a “great person”
when he is not using drugs but acts differently when he uses them. 
Appellant talked about his several arrests, his drug history, his poor behavior while in custody, and other robberies he
committed.





[5]Appellant
contends that his trial counsel was ineffective because counsel agreed to the
State’s waiver of the New York offense enhancement allegation, filed “general”
motions and requested materials not applicable to appellant’s cases, and failed
to investigate punishment matters or call “other” witnesses at the punishment
hearing.