

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NOS. 02-10-00009-CR
## 02-10-00010-CR

MAURICE HENRY MASON                                              APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

### FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Maurice Henry Mason appeals his convictions and twenty-year concurrent sentences for two robberies. We grant appellant's appointed counsel's motion to withdraw and affirm the trial court's judgments.

A grand jury indicted appellant for two robberies that, according to the indictments, occurred in November 2008. Both indictments contained a habitual

---

[1]*See* Tex. R. App. P. 47.4.

offender notice alleging that appellant had been previously convicted of a burglary in Texas and a felony drug offense in New York. The trial court appointed counsel to represent appellant. His counsel persuaded the trial court to appoint an investigator and filed various pretrial motions relating to discovery and other matters. Appellant filed some pro se motions, including a motion to dismiss the indictments' New York offense enhancement allegation.

Appellant eventually entered open guilty pleas. At the time he made the pleas, he received written admonishments, entered judicial confessions, acknowledged that he was aware of the consequences of the pleas, expressed that he was satisfied with the representation he had received,[2] waived several constitutional and statutory rights, and expressly waived all pretrial motions that had been filed. The trial court accepted appellant's guilty pleas and his pleas of true to the Texas burglary enhancement allegation, and it ordered a presentence investigation.

Months later, the trial court held a sentencing hearing. At that hearing, the State waived the New York offense enhancement allegations in the indictments.[3]

---

[2]Appellant's guilty pleas occurred in September 2009. During an earlier pretrial hearing, in which appellant rejected a plea bargain agreement, he told the court that he wanted a new attorney, but the court denied the request.

[3]This waiver, which left only the Texas burglary conviction as an enhancing offense, reduced appellant's minimum possible punishment. Robbery is typically a second-degree felony that carries a punishment range of two to twenty years' confinement. *See* Tex. Penal Code Ann. § 12.33(a) (Vernon Supp. 2010), § 29.02(b) (Vernon 2003). With one previous felony conviction, someone convicted of a second-degree felony is punished under the first-degree-felony

2

The State then rested on the presentence investigation report rather than presenting punishment evidence. Appellant affirmed again that he was satisfied with his counsel's representation and called his wife and himself to testify in an attempt to request leniency from the trial court.[4]

After hearing closing arguments, the court sentenced appellant to twenty years' confinement for both convictions and ordered the sentences to run concurrently. Appellant filed notices of these appeals.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). We gave appellant an opportunity to file a pro se brief, and he has done so, arguing that he received ineffective assistance of counsel,[5] his guilty pleas are involuntary,

---

range of five to ninety-nine years or life in prison. *See id.* §§ 12.32(a), .42(b) (Vernon Supp. 2010). If a defendant is convicted of a second-degree felony and has two prior felony convictions, the defendant faces a punishment range of twenty-five to ninety-nine years or life in prison. *Id.* § 12.42(d).

[4]Appellant's wife testified about appellant's drug problem and how he is a "great person" when he is not using drugs but acts differently when he uses them. Appellant talked about his several arrests, his drug history, his poor behavior while in custody, and other robberies he committed.

[5]Appellant contends that his trial counsel was ineffective because counsel agreed to the State's waiver of the New York offense enhancement allegation, filed "general" motions and requested materials not applicable to appellant's

3

and his presentence investigation report lacked a psychological evaluation. The State filed a brief, responding to appellant's arguments, and appellant filed a reply brief.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeals are frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Because appellant entered open guilty pleas, our independent review for potential error is limited to jurisdictional defects, the voluntariness of his pleas, error that is not independent of and supports the judgments of guilt, and error occurring after entry of the pleas. *See Monreal v. State*, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); *Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000); *Anderson v. State*, 985 S.W.2d 195, 196–97 (Tex. App.—Fort Worth 1998, pet. ref'd).

We have carefully reviewed the record, counsel's brief, appellant's pro se brief and reply brief, and the State's brief. We agree with counsel that these appeals are wholly frivolous and without merit; we find nothing in the record that arguably might support the appeals. *See Bledsoe v. State*, 178 S.W.3d 824,

---

cases, and failed to investigate punishment matters or call "other" witnesses at the punishment hearing.

4

827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments.

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 10, 2011