

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO.  02-14-00317-CR**
**NO.  02-14-00318-CR**


CLEVON MONTEGO EMERSON III                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1297228D, 1302630D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Clevon Montego Emerson III appeals from his convictions for aggravated robbery with a deadly weapon and burglary of a habitation.  We affirm the trial court's judgments.

On October 31, 2012, a grand jury indicted Appellant for aggravated robbery and burglary of a habitation with the intent to commit a felony, both

---

[1]*See* Tex. R. App. P. 47.4.

occurring on September 11, 2012. *See* Tex. Penal Code Ann. §§ 29.03(a)(2), 30.02(a)(1) (West 2011). On April 11, 2014, Appellant pleaded guilty to both offenses without the benefit of a plea-bargain agreement, waived his right to a jury trial on punishment, and signed judicial confessions admitting that he committed each act alleged in the indictments. *See* Tex. Code Crim. Proc. Ann. art. 26.13 (West Supp. 2014), art. 26.14 (West 2009). Appellant further affirmed to the trial court that he was pleading guilty voluntarily and because he was actually guilty of the offenses. A presentence-investigation report was prepared, and the trial court sentenced Appellant to forty-five years' confinement for each offense, to be served concurrently. *See* Tex. Code Crim. Proc. Ann. arts. 42.08(a), 42.12, § 9 (West Supp. 2014).

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel, accompanied by a brief in support of that motion. In the brief, counsel states that in his professional opinion, this appeal is frivolous and without merit. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. Appellant filed a pro se response to the *Anders* brief. The State filed a letter brief and agreed with Appellant's attorney that the appeal is frivolous.

Once an appellant's court-appointed attorney files a motion to withdraw on the grounds that an appeal is frivolous and fulfills the requirements of *Anders*, we have a supervisory obligation to undertake an independent examination of the

2

record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). In this evaluation, we consider the record, the arguments raised in the *Anders* brief, and any issues Appellant points out in his pro se response. *See United States v. Wagner*, 158 F.3d 901, 902 (5th Cir. 1998); *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008). We are not required to address the merits of each issue Appellant raises in his response because to do so would deprive Appellant "of the meaningful assistance of counsel." *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). Because Appellant entered open guilty pleas, our independent review of the record for potential error is limited to jurisdictional defects, the voluntariness of his pleas, any error that is not independent of the trial court's judgments and one in which the judgments would not be supported absent the error, and error occurring after Appellant pleaded guilty. *See Monreal v. State*, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); *Faisst v. State*, 98 S.W.3d 226, 226 (Tex. Crim. App. 2003); *Anderson v. State*, 985 S.W.2d 196, 196–97 (Tex. App.—Fort Worth 1998, pet. ref'd) (op. on reh'g).

We have carefully reviewed the record, counsel's brief, Appellant's pro se response, and the State's letter brief. The record clearly shows that Appellant pleaded guilty to the indictments freely and voluntarily and was given the appropriate guilty-plea admonishments. *See* Tex. Code Crim. Proc. Ann. art. 26.13. As part of his guilty pleas, Appellant separately signed judicial confessions admitting to all elements of the charged offenses, which sufficiently

3

supported the trial court's findings of guilt. *See Ross v. State*, 931 S.W.2d 633, 635 (Tex. App.—Dallas 1996, no pet.). Appellant's sentences were within the statutory limits for the charged offenses. *See* Tex. Penal Code Ann. § 12.32 (West 2011). Having found nothing in the record or in Appellant's response that might arguably support the appeal, we agree with appellate counsel that this appeal is frivolous. *See Bledsoe*, 178 S.W.3d at 827–28; *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

PER CURIAM

PANEL: GABRIEL, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 28, 2015