

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-13-00546-CR
### NO. 02-13-00547-CR

REGINALD A. SMITH                                                  APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1320006D, 1321174D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Reginald A. Smith appeals from his convictions for two counts of robbery by threat. We affirm the trial court's judgments.

On April 26, 2013, a grand jury indicted Smith with the robberies by threat of Norma Lomeli and Juana Vargas, both occurring on January 8, 2013, and with the robbery by threat of Erica Lopez, occurring on March 20, 2013. *See* Tex.

---

[1]*See* Tex. R. App. P. 47.4.

Penal Code Ann. § 29.02(a)(2) (West 2011). Both indictments included a habitual-offender notice, alleging that Smith previously had been finally convicted of aggravated robbery and burglary of a habitation, which enhanced the available punishment range to "life, or for any term of not more than 99 years or less than 25 years." *See id.* § 12.42(d) (West Supp. 2014). Smith pleaded guilty to the indictments, without the benefit of a plea-bargain agreement, and elected to have the jury assess his punishment.[2] *See* Tex. Code Crim. Proc. Ann. art. 26.14 (West 2009). Before accepting his guilty pleas, the trial court admonished Smith orally and in writing of the consequences of his pleas. *See id.* art. 26.13 (West Supp. 2014). The written plea admonishments included a judicial confession, which Smith signed: "I have read the indictment . . . filed in this case and I committed each and every act alleged therein . . . . I am guilty of the instant offense as well as all lesser included offenses . . . . I swear to the truth of all of the foregoing." A jury was selected and Smith pleaded guilty to the indictments and true to the habitual-offender notices in open court. At the punishment trial, the State called as witnesses Lomeli, Lopez, Vargas, the investigating police detective, and Lopez's supervisor who was present during the March 20, 2013 robbery. Smith called his mother and his cousin as punishment witnesses. The jury found Smith guilty of the charged offenses, found the habitual-offender

---

[2]The State offered Smith a 35-year term of confinement shortly after he was indicted, but it appears Smith refused this offer.

notices true, and assessed Smith's punishment at concurrent 70-year terms of confinement.

Smith's court-appointed appellate counsel has filed a motion to withdraw as counsel, accompanied by a brief in support of that motion. In the brief, counsel states that in his professional opinion, this appeal is frivolous and without merit. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. Smith filed a pro se response to the *Anders* brief. The State filed a letter brief and agreed with Smith's attorney that the appeal is frivolous.

Once an appellant's court-appointed attorney files a motion to withdraw on the grounds that an appeal is frivolous and fulfills the requirements of *Anders*, we have a supervisory obligation to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). In this evaluation, we consider the record, the arguments raised in the *Anders* brief, and any issues the appellant points out in his pro se response. *See United States v. Wagner*, 158 F.3d 901, 902 (5th Cir. 1998); *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008). We are not required to address the merits of each issue the appellant raises in his response because to do so would deprive him "of the meaningful assistance of counsel." *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). Because Smith entered open

guilty pleas, our independent review of the record for potential error is limited to jurisdictional defects, the voluntariness of his pleas, any error that is not independent of the trial court's judgments and one in which the judgments would not be supported absent the error, and error occurring after Smith pleaded guilty. *See Monreal v. State*, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); *Faisst v. State*, 98 S.W.3d 226, 226 (Tex. Crim. App. 2003); *Anderson v. State*, 985 S.W.2d 195, 196–97 (Tex. App.—Fort Worth 1998, pet. ref'd) (op. on reh'g).

We have carefully reviewed the record, counsel's brief, Smith's pro se response, and the State's letter brief. The record clearly shows that Smith pleaded guilty to the indictments freely and voluntarily and was given the appropriate guilty-plea admonishments. *See* Tex. Code Crim. Proc. Ann. art. 26.13. Smith personally signed the plea-offer acknowledgement, indicating that he was informed of the State's plea-bargain offer. The record does not support an assertion that the decision to refuse this offer, which was less than the sentences assessed by the jury, was not strategic or that Smith was unaware of the terms of the offer. *See Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999); *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); *Thomas v. State*, 2 S.W.3d 640, 642 (Tex. App.—Dallas 1999, no pet.). As part of his guilty pleas, Smith separately signed judicial confessions admitting to all elements of the charged offenses, which sufficiently supported the jury's subsequent findings. *See Ross v. State*, 931 S.W.2d 633, 635 (Tex. App.— Dallas 1996, no pet.). The record does not support Smith's assertion that the

statutory jury-selection process failed to ensure that a fair cross-section of the community was represented. *See May v. State*, 738 S.W.2d 261, 269 (Tex. Crim. App.), *cert. denied*, 484 U.S. 872 (1987); *Weeks v. State*, 396 S.W.3d 737, 742–45 (Tex. App.—Beaumont 2013, pet. ref'd). Smith's sentences were within the statutory limits for the charged offenses. *See* Tex. Penal Code Ann. § 12.42(d). Having found nothing in the record or in Smith's response that might arguably support the appeal, we agree with appellate counsel that this appeal is frivolous. *See Bledsoe*, 178 S.W.3d at 827–28; *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we **GRANT** counsel's motion to withdraw and affirm the trial court's judgments. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: GARDNER, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 30, 2015