

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-14-00357-CR**
**NO. 02-14-00358-CR**
**NO. 02-14-00359-CR**
**NO. 02-14-00360-CR**
**NO. 02-14-00361-CR**
**NO. 02-14-00362-CR**

ARMANDO ERNEST VERA                                      APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
TRIAL COURT NOS. 1327717D, 1327904D, 1330762D, 1334487D, 1357569D,
1370861D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Armando Ernest Vera appeals from his convictions for aggravated sexual assault and concurrent 60-year sentences. We affirm the trial court's judgments.

---
[1]*See* Tex. R. App. P. 47.4.

A grand jury indicted Vera with the aggravated sexual assaults of six women by penetrating either their mouths or sexual organs with his sexual organ without their consent and by threatening and placing the women in fear of serious bodily injury or death. *See* Tex. Penal Code Ann. § 22.021(a) (West Supp. 2014). These were first-degree felonies, carrying a possible punishment of imprisonment for "life or for any term of not more than 99 years or less than 5 years." *Id.* § 12.32(a) (West 2011); *see also id.* § 22.021(e).

Vera pleaded guilty to the indictments, without benefit of a plea-bargain agreement,[2] and elected to have a jury assess his punishment. *See* Tex. Code Crim. Proc. Ann. art. 26.14 (West 2009). Before accepting his guilty pleas, the trial court admonished Vera orally and in writing of the consequences of his pleas. *See id.* art. 26.13 (West Supp. 2014). The written plea admonishments in each case included a judicial confession, which Vera signed: "I have read the indictment . . . filed in this case and I committed each and every act alleged therein . . . . I am guilty of the instant offense as well as all lesser included offenses . . . . I swear to the truth of all of the foregoing." Vera also signed a statement in each case that his plea was "knowingly, freely, and voluntarily entered" and a sworn application for community supervision. *See id.* art. 42.12, § 4(e) (West Supp. 2014).

---

[2]The State offered Vera a 40-year term of confinement shortly after he was indicted in four of the six cases, but it appears he refused this offer.

A jury was selected and Vera pleaded guilty to the indictments in open court. At the punishment trial, the State called as witnesses five of the victims, the investigating detective, and a forensic psychologist. Vera called his mother and a psychologist as witnesses, mainly to speak to Vera's suitability for community supervision. The jury found Vera guilty of the charged offenses and assessed his punishment at concurrent 60-year terms of confinement. Vera filed a motion for new trial in each case, arguing that the verdicts were contrary to the law and the evidence and that the sentences were "unreasonable, grossly-disproportional, and unsupported by the facts presented at trial." *See* Tex. R. App. P. 21.3. The record does not reflect that Vera presented the motions to the trial court. *See* Tex. R. App. P. 21.6.

Vera's court-appointed appellate counsel has filed a motion to withdraw as counsel, accompanied by a brief in support of that motion. In the brief, counsel states that in his professional opinion, this appeal is frivolous and without merit. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. Neither Vera nor the State have responded to counsel's brief or motion.

Once an appellant's court-appointed attorney files a motion to withdraw on the grounds that an appeal is frivolous and fulfills the requirements of *Anders*, we have a supervisory obligation to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991);

3

*Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). In this evaluation, we consider the record and the arguments raised in the *Anders* brief. *See United States v. Wagner*, 158 F.3d 901, 902 (5th Cir. 1998); *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008). Because Vera entered open guilty pleas, our independent review of the record for potential error is limited to jurisdictional defects, the voluntariness of his pleas, any error that is not independent of the trial court's judgments and one in which the judgments would not be supported absent the error, and error occurring after Vera pleaded guilty. *See Monreal v. State*, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); *Faisst v. State*, 98 S.W.3d 226, 226 (Tex. Crim. App. 2003); *Anderson v. State*, 985 S.W.2d 196, 196–97 (Tex. App.—Fort Worth 1998, pet. ref'd) (op. on reh'g).

We have carefully reviewed the record and counsel's brief. The record clearly shows that Vera pleaded guilty to the indictments freely and voluntarily and was given the appropriate guilty-plea admonishments. *See* Tex. Code Crim. Proc. Ann. art. 26.13. As part of his guilty pleas, Vera separately signed judicial confessions admitting to all elements of the charged offenses, which sufficiently supported the jury's findings of guilt. *See Ross v. State*, 931 S.W.2d 633, 635 (Tex. App.—Dallas 1996, no pet.). Vera's sentences were within the statutory limits for the charged offenses and were not excessive or disproportionate to the offenses. *See Dale v. State*, 170 S.W.3d 797, 799–800 (Tex. App.—Fort Worth 2005, no pet.). Having found nothing in the record that might arguably support the appeal, we agree with appellate counsel that this appeal is frivolous.

*See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).  Accordingly, we **GRANT** counsel's motion to withdraw and affirm the trial court's judgments. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988); *see also Smith v. Robbins*, 528 U.S. 259, 276–77, 120 S. Ct. 746, 759 (2000).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 30, 2015