

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00122-CR
### NO. 02-15-00123-CR

RICARDO ENRIQUE VERGARA                  APPELLANT

V.

THE STATE OF TEXAS                         STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1403603R, 1403601R

----------

## MEMORANDUM OPINION[1]

----------

Appellant Ricardo Enrique Vergara appeals his convictions for assault and the resulting sentences. We affirm.

Appellant was indicted for three counts of assault on a person with whom he had a dating relationship in cause number 1403601R. Each count included a prior conviction for family violence. He was also indicted for one count of aggravated assault with a deadly weapon on a person with whom he had a dating relationship and one count of aggravated assault with a deadly weapon in

---

[1]See Tex. R. App. P. 47.4.

cause number 1403603R. In consideration for the State waiving two of the assault counts in cause number 1403601R and the aggravated assault with a deadly weapon count in cause number 1403603R and dismissing the deadly weapon element in the assault-family violence count in cause number 1403603R, Appellant pleaded guilty to aggravated assault causing serious bodily injury-family member in cause number 1403603R and assault-family member by impeding breath/circulation with previous conviction in cause number 1403601R, both second-degree felonies. *See* Tex. Penal Code Ann. §§ 22.01(b-1)(3), (West Supp. 2015) .02(a)(1) (West 2011). Appellant elected to have a jury assess punishment.

A jury assessed punishment at seventeen years' confinement in cause number 1403601R and fifteen years' confinement in cause number 1403603R. The trial judge sentenced Appellant accordingly with the sentences to run concurrently. Appellant then filed this appeal.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel, accompanied by a brief in support of that motion. In the brief, counsel states that in his professional opinion, this appeal is frivolous and without merit. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. Neither Appellant nor the State have responded to counsel's brief or motion.

2

Once an appellant's court-appointed attorney files a motion to withdraw on the grounds that an appeal is frivolous and fulfills the requirements of *Anders*, we have a supervisory obligation to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). In this evaluation, we consider the record and any arguments raised in the *Anders* brief. *See United States v. Wagner*, 158 F.3d 901, 902 (5th Cir. 1998); *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008). Because Appellant entered open guilty pleas, our independent review of the record for potential error is limited to jurisdictional defects, the voluntariness of his pleas, any error that is not independent of the trial court's judgments and one in which the judgments would not be supported absent the error, and error occurring after Appellant pleaded guilty. *See Monreal v. State*, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); *Faisst v. State*, 98 S.W.3d 226, 226 (Tex. Crim. App. 2003); *Anderson v. State*, 985 S.W.2d 195, 196–97 (Tex. App.—Fort Worth 1998, pet. ref'd) (op. on reh'g).

We have carefully reviewed the record and counsel's brief. The record clearly shows that Appellant pleaded guilty to the indictments freely and voluntarily and was given the appropriate guilty-plea admonishments. *See* Tex. Code Crim. Proc. Ann. art. 26.13. Appellant personally signed the plea-offer acknowledgement, indicating that he was informed of the State's plea-bargain offer. The record does not support an assertion that the decision to refuse this

3

offer, which was less than the sentences assessed by the jury, was not strategic or that Appellant was unaware of the terms of the offer. *See Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999); *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); *Thomas v. State*, 2 S.W.3d 640, 642 (Tex. App.—Dallas 1999, no pet.). As part of his guilty pleas, Appellant separately signed judicial confessions admitting to all elements of the charged offenses, which sufficiently supported the jury's subsequent findings. *See Ross v. State*, 931 S.W.2d 633, 635 (Tex. App.—Dallas 1996, no pet.). Appellant's sentences were within the statutory limits for the charged offenses. *See* Tex. Penal Code Ann. § 12.33(a) (West 2011). Having found nothing in the record that might arguably support the appeal, we agree with appellate counsel that this appeal is frivolous. *See See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we **GRANT** counsel's motion to withdraw and affirm the trial court's judgments. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 23, 2015