

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00435-CR
### NO. 02-15-00436-CR
### NO. 02-15-00437-CR

MICHAEL ALVIN LLOYD                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
## TRIAL COURT NOS. 1401032D, 1404399D, 1404400D

----------

## MEMORANDUM OPINION[1]

----------

In each case, Appellant Michael Alvin Lloyd pled guilty to aggravated robbery with a deadly weapon, and the trial court convicted him and sentenced him to sixteen years' confinement, with the sentences to run concurrently. Appellant timely appealed.

---

[1]*See* Tex. R. App. P. 47.4.

Appellant's court-appointed counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, these appeals are frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), by presenting a professional evaluation of each appellate record demonstrating why there are no arguable grounds for relief. *See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991).

In compliance with *Kelly v. State*, counsel (1) notified Appellant of his motion to withdraw; (2) provided him a copy of both the motion and brief; (3) informed him of his right to file a pro se response; (4) informed him of his pro se right to seek discretionary review should this court hold the appeals frivolous; and (5) took concrete measures to facilitate his review of the appellate record in each case. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court afforded Appellant the opportunity to file a response on his own behalf, but he did not do so. The State likewise declined to file a brief.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf. *See Stafford*, 813 S.W.2d at 511. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

Because Appellant entered open pleas of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of his pleas, error that is not independent of and supports the judgments of guilt, and error occurring after entry of the guilty pleas. *See Monreal v. State*, 99 S.W.3d 615, 619–20 (Tex. Crim. App. 2003); *see also Faisst v. State*, 98 S.W.3d 226, 227 (Tex. Crim. App. 2003).

We have carefully reviewed counsel's brief and the appellate record in each case. We agree with counsel that these appeals are wholly frivolous and without merit; we find nothing in the appellate records that arguably might support these appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw, deny Appellant's motion to appoint new counsel, and affirm the trial court's judgments.

PER CURIAM

PANEL: PITTMAN, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 30, 2017

3