

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-17-00418-CR

_____

JUSTIN RYAN RUBIO, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1452160D

---

Before Kerr, Pittman, and Womack, JJ.
Memorandum Opinion by Dana Womack

**MEMORANDUM OPINION**

Appellant Justin Ryan Rubio appeals his conviction and one-year jail sentence for the offense of cruelty to non-livestock animal—torture.[1] We will affirm.

On April 21, 2017, Rubio entered an open plea[2] of guilty to cruelty to non-livestock animal—torture. The trial court accepted his plea and ordered the preparation of a presentence investigation report (PSI). After the completion of the PSI, the trial court held a hearing on Rubio's punishment. The court admitted the PSI; heard testimony from two State's witnesses, including an animal-cruelty investigator; heard testimony from Rubio and one of his friends; found Rubio guilty; and sentenced him to a one-year jail sentence. This appeal followed.

Rubio's court-appointed counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), by presenting a

---

[1] *See* Tex. Pen. Code Ann. § 42.092.

[2] The term "open plea" is often utilized to refer to a myriad of different types of pleas that a defendant might enter but sometimes is a misnomer. *See Harper v. State*, No. 02-17-00016-CR, 2019 WL 165986, *1 (Tex. App.—Fort Worth, Jan. 10, 2019, no pet. h.) (discussing the use of the term "open plea" in the various settings it has been used, interpreted, and reviewed and whether it should be used at all). In this case, Rubio entered his plea without the benefit of an agreement with the prosecutors regarding sentencing (a sentencing bargain) and without the State having agreed to reduce the charged offense (a charge bargain). We use the term "open plea" in this case because that is how the plea is referred to in the trial court's plea admonishments and the trial court's judgment.

professional evaluation of the appellate record demonstrating why there are no arguable grounds for relief. *See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991).

In compliance with *Kelly v. State*, counsel (1) notified Rubio of his motion to withdraw; (2) provided him a copy of both the motion and brief; (3) informed him of his right to file a pro se response; (4) informed him of his pro se right to seek discretionary review should this court hold the appeal frivolous; and (5) took concrete measures to facilitate his review of the appellate record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court afforded Rubio the opportunity to file a response on his own behalf, but he did not do so. The State filed a letter stating that it would not be filing a brief.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf. *See Stafford*, 813 S.W.2d at 511. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Because Rubio entered an open plea of guilty, our independent review for error is limited to jurisdictional defects, the voluntariness of his plea, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty plea. *See Monreal v. State*, 99 S.W.3d 615, 619–20

(Tex. Crim. App. 2003); *Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000); *see also Faisst v. State*, 98 S.W.3d 226, 227 (Tex. Crim. App. 2003).

We have carefully reviewed counsel's brief and the appellate record. We agree with counsel that this appeal is wholly frivolous and without merit—we find nothing in the appellate record that arguably might support this appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 11, 2019