**AFFIRMED; Opinion Filed November 30, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01246-CR
### No. 05-15-01248-CR

**EMANUEL MCLEMORE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F14-58539-Q & F14-58540-Q**

## MEMORANDUM OPINION
Before Justices Lang, Myers, and Evans
Opinion by Justice Myers

Appellant Emanuel McLemore pleaded guilty to the offenses of aggravated robbery[1] and

robbery,[2] and the trial court set punishment at confinement for ten years in each case, to run

concurrently. In two issues, appellant contends the evidence is insufficient under article 1.15 of

the Texas Code of Criminal Procedure to support his guilty pleas to the charged offenses. We

affirm.

### BACKGROUND

Both offenses are alleged to have occurred on or about September 13, 2014. In cause

number 05–15–01246–CR, F14–58539–Q, the aggravated robbery case, the indictment alleged

---

[1] Appeal number 05-15-01246-CR, trial court case number F14-58539-Q.

[2] Appeal number 05-15-01248-CR, trial court case number F14-58540-Q.

appellant did then and there

> intentionally and knowingly, while in the course of committing theft of property and with intent to obtain or maintain control of said property, threaten and place SANTIAGO GALLEGOS in fear of imminent bodily injury and death, and the defendant used and exhibited a deadly weapon, to-wit: A KNIFE.

In cause number 05–15–01248–CR, F14–58540–Q, the indictment alleged appellant did then and there

> intentionally and knowingly, while in the course of committing theft of property and with intent to obtain or maintain control of said property, cause bodily injury to another, SAMUEL MELKAMU, hereinafter called complainant, by STRIKING COMPLAINANT WITH A GUN, and the defendant used and exhibited a deadly weapon, to-wit: A PELLET GUN AND A FIREARM.

On the State's motion, the court reduced this charge to the lesser-included offense of robbery.

Appellant entered open pleas of guilty to aggravated robbery and robbery. Appellant also made judicial confessions to both offenses. The trial court subsequently heard evidence to determine punishment. The court accepted appellant's guilty pleas and found the evidence sufficient to prove appellant's guilt in each case. Appellant testified that he knew he was waiving his right to a jury trial and that he was entering his pleas freely and voluntarily.

## DISCUSSION

### The Aggravated Robbery Case

Appellant alleges there is an insufficient factual basis under article 1.15 of the code of criminal procedure to support his guilty plea to the charged offense of aggravated robbery in cause number 05–15–01246–CR, F14–58539–Q, because he denied that he used a knife in the robbery. He argues that his judgment and sentence should be reformed to show a conviction for robbery, without a deadly weapon finding, or set aside and remanded for a new trial.

When, as in this case, a defendant enters a plea of guilty to an offense whose punishment is not absolutely fixed by law, punishment will be assessed by a jury or by the court if the defendant waives his right to trial by jury. *See* TEX. CODE CRIM. PROC. ANN. art. 26.14. Article

–2–

1.15 of the code of criminal procedure provides that when a defendant waives his right to a jury trial and pleads guilty, the State need only introduce sufficient evidence to support the plea and establish the defendant's guilt. *See id.* art. 1.15; *Wright v. State*, 930 S.W.2d 131, 132 (Tex. App.—Dallas 1996, no pet.). The supporting evidence need not prove the defendant's guilt beyond a reasonable doubt. *McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.); *see also Ex parte Martin*, 747 S.W.2d 789, 791–92 (Tex. Crim. App. 1988) (op. on reh'g); *Davis v. State*, Nos. 05–15–00552–CR & 05–15–00553–CR, 2016 WL 3876586, at *4 (Tex. App.—Dallas July 12, 2016, no pet.) (mem. op., not designated for publication). The evidence sufficiently supports a guilty plea if it embraces every element of the offense charged. *Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996). "Due process of law is not denied by a conviction based on a plea of guilty that is accompanied by 'a strong factual basis for the plea demonstrated by the State and [a defendant]'s clearly expressed desire to enter it despite his professed belief in his innocence.'" *Mendez v. State*, 138 S.W.3d 334, 344 (Tex. Crim. App. 2004) (quoting *North Carolina v. Alford*, 400 U.S. 25, 38 (1970)). A judicial confession, standing alone, is sufficient to sustain a conviction based on a guilty plea and satisfies the requirements of article 1.15 as long as it embraces every element of the charged offense. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009); *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1980) (op. on reh'g); *Ross v. State*, 931 S.W.2d 633, 635 (Tex. App.—Dallas 1996, no pet.); *Davis*, 2016 WL 3876586, at *4.

Appellant signed a judicial confession in the aggravated robbery case in which he admitted he was judicially confessing that he was guilty of aggravated robbery and that he used and exhibited a deadly weapon, to wit: a knife. He judicially confessed that he committed the offense "exactly as alleged in the indictment." His judicial confession in the robbery case likewise stated that he committed the offense "exactly as alleged in the indictment." The judicial

confessions that appellant and his attorney signed tracked the language of the indictment. The trial court accepted appellant's pleas of guilty.

Appellant first argues that his judicial confession to the aggravated robbery charge is insufficient to substantiate his guilt because in the proceeding to determine punishment, which was held several months after appellant entered his judicial confession, he told the trial court, in response to its question, that he punched Gallegos in the head but did not stab him. The relevant portion of the record reads as follows:

THE COURT: Now, you heard the young man, whose vehicle you jacked, describe how you stabbed him in the arm three times, was it you?

A. [DEFENDANT:] I didn't—no—ma'am, I did not stab him. Ma'am, I'm being honest with you. That's the honest truth. I punched him in the head, ma'am. I did not stab him. I didn't have—I didn't have no kind of weapon. I just punched him in the head, but when we stole his car, the reason how we even got the BB gun, 'cause the BB gun was inside his car. That's only how we got access to the BB gun because it was inside his car.

THE COURT: We'll get to the BB gun, but what I wanna know about is, who had the knife and stabbed him?

THE DEFENDANT: Eric—Eric—Eric had some—Eric had—I don't know what he had in his hand, ma'am. I'm being—I don't know if he had a knife or what it was, but all I know, I just punched him one time in the head. I think Eric had some—I don't—I really don't recall him having a weapon.

I don't recall myself having a weapon. I just remember me just punching him in the head. I'm being honest. I just remember me punching him in the head, ma'am. I don't remember no—no knife being there. It probably was some type of—I don't know what he had.

I don't remember a knife being there though, ma'am. That's the honest to God truth, ma'am. I don't remember a knife being there. All I remember me just punchin' him in the head, and Eric hopping in his car, and I hopped in his car.

THE COURT: Okay.

THE DEFENDANT: I'm just being honest, ma'am. I don't remember none of us having a knife, ma'am. We didn't have no weapon.

THE COURT: All right. So, Mr. Gallegos is just lying about somebody stabbing him in the arm three times.

–4–

THE DEFENDANT: No. I'm not—I'm not saying he's lying, but I just don't recall myself having a knife. I don't recall myself having a knife, ma'am. Eric probably did have a knife on him, but I—I remember I just punched him in the head one time, ma'am. I don't remember me having no knife or stabbing him at all, ma'am. That's the honest to God truth. I don't remember me having no knife at all.

Regarding the robbery charge, appellant told the trial court that he robbed the store clerk using a BB gun and hit the clerk in the head:

THE COURT: So, then y'all go to the 7-Eleven. Which one of y'all are jacking this man in the head with this gun? Who's hitting him in the head?

THE DEFENDANT: I did that, ma'am, with the BB gun. I did that, ma'am.

Santiago Gallegos, the complainant in the aggravated robbery case, testified that he and his wife drove to a 7-Eleven store. As they returned to their truck after leaving the store, his wife got in the vehicle. Two men approached the complainant and grabbed him. One man hit him in the head with a closed fist and the other stabbed him through his thick clothing three times with a small knife, which was, according to Gallegos's testimony, like a penknife. Asked if appellant was the one who stabbed him, Gallegos testified that he believed appellant was the one who stabbed him in the arm three times because appellant, who was the younger of the two men, was on the right side of Gallegos and the other individual, who was the older of the two, was to Gallegos's left. Gallegos was not sure which of the two men hit him in the head. Gallegos was scared and thought the men were going to "pull out a gun or something" on him. He got his wife out of the truck as the men got in his truck and drove away. Gallegos banged on the store window to alert them to call the police. His mother picked them up from the store. He drove around a nearby apartment complex and saw his truck parked there. When he got his truck back, it was damaged.

Samuel Melkamu testified that he was working at a 7-Eleven store on the night in question when two men wearing masks entered the store, pointed what the clerk thought was a

–5–

shotgun at his head, and demanded money. Melkamu testified that one of the two men, who wore a red mask, ordered him to his knees and struck him in the back of the head with the gun. Melkamu recalled that the blow to the head was painful. The weapon was, in fact, a BB gun.

Appellant told the trial court that he wanted to take responsibility for the offenses. Asked by his attorney whether he was taking "full responsibility" for robbing Gallegos and the store clerk, appellant replied, "Yes, sir. I did that, sir." When asked again by defense counsel whether he was "taking responsibility for these offenses," appellant testified: "Yes, sir. I'm taking full fledge accountability for the stupidity I took on September 13th, 2014, by being young and dumb and being a follower, not being a leader that night." Appellant acknowledged that his juvenile record included convictions for evading arrest and carrying a gun. He also told the trial court that he and Eric were using Xanax and drinking alcohol that night; appellant told the court he "was full of them Xanaxes and stuff." Appellant testified he was "tripping" and that he and Eric decided to "hit a lick."

The trial court accepted appellant's guilty pleas and found the evidence sufficient to prove appellant's guilt in each case. Appellant accepted responsibility in these cases and never sought to withdraw his guilty pleas, nor does he now contend his pleas or his judicial confessions were not knowing and voluntary. When a defendant waives a jury and enters a plea of guilty or nolo contendere before the court, the court is not required to sua sponte withdraw a guilty plea and enter a plea of not guilty for a defendant so long as the court fulfills its duty to consider the evidence submitted, even where evidence is adduced that raises a question as to the defendant's guilt. *See Moon v. State*, 572 S.W.2d 681, 682 (Tex. Crim. App. 1978) (en banc); *see also Aldrich v. State*, 104 S.W.3d 890, 894 (Tex. Crim. App. 2003) (stating that *Moon* requires nothing more than a decision by the trial court "that a guilty-pleading defendant was guilty as he pleaded, guilty of a lesser included offense, or not guilty"); *Reyes v. State*, No. 03–07–00115–

CR, 2008 WL 4603576, at *3 (Tex. App.—Austin Oct. 16, 2008, no pet.) (mem. op., not designated for publication) ("[l]f a defendant waives trial by jury and pleads guilty to the court, and if evidence is thereafter adduced raising a question as to the defendant's guilt, the trial court need not withdraw the guilty plea; rather, the court has the duty to consider the evidence and, if warranted, return a verdict of not guilty or guilty of a lesser included offense."). The trial court heard all of the evidence, including appellant's judicial confessions and the testimony of Gallegos and Melkamu. Having reviewed the record, we conclude the trial court acted within its discretion in finding the evidence sufficient to prove appellant's guilt beyond a reasonable doubt. Appellant knowingly and voluntarily pleaded guilty to aggravated robbery and robbery, and the State complied with article 1.15 by presenting sufficient evidence to support the pleas and establish appellant's guilt. We overrule appellant's first issue.

**The Robbery Case**

Appellant's second issue states that the issue "assumes that this Court will reverse the judgment against him in cause number F14–58539–Q (05–15–01246–CR) and remand the case for a new trial." He asks that if this Court reverses in that case, we also reverse his conviction for robbery in cause number 05–15–01248–CR, F14–58540–Q, because the aggravated robbery case was inextricably intertwined with the robbery case. Appellant contends that if, on the other hand, we reform, rather than reverse, his aggravated robbery conviction in cause number 05–15–01246–CR, F14–58539–Q, issue two is not applicable and nothing is to be done to cause number 05–15–01248–CR, F14–58540–Q.

As in the aggravated robbery case, the record shows appellant's plea in the robbery case was knowingly and voluntarily made. His judicial confession alone provided a sufficient basis to establish his guilt. Appellant told the court he wanted to accept responsibility for the offenses and he never sought to withdraw his guilty plea. In addition, the complainant, Samuel Melkamu,

testified that he was struck in the head with what he thought was a shotgun, and which turned out to be a BB gun. There is a sufficient evidence under article 1.15 to support appellant's guilty plea. We overrule appellant's second issue.

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
151246F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

EMANUEL MCLEMORE, Appellant

No. 05-15-01246-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F14-58539-Q.
Opinion delivered by Justice Myers. Justices Lang and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 30th day of November, 2016.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

EMANUEL MCLEMORE, Appellant

No. 05-15-01248-CR　　　V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F14-58540-Q.
Opinion delivered by Justice Myers. Justices Lang and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 30th day of November, 2016.