Antowne Chevez ROSS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–94–01646–CR.

Court of Appeals of Texas,
Dallas.

May 31, 1996.

Robert P. Abbott, Coppell, for Appellant.

Pamela Liston, Harrell, Liston & Associates, Rowlett, for Appellee.

Before MALONEY, CHAPMAN and JAMES, JJ.

## OPINION

MALONEY, Justice.

The trial court convicted Antowne Chevez Ross of theft and assessed a sentence of ninety days in the Dallas County jail and a

$300 fine. Appellant, in a single point of error, argues that the evidence was insufficient to support his conviction. We affirm the trial court's judgment.

## BACKGROUND

Appellant and the State entered into a plea bargain agreement. The State agreed to the trial court's sentencing appellant under the provisions of section 12.44(a) of the Texas Penal Code [1] and recommended confining appellant for ninety days in the Dallas County jail and assessing a $300 fine in exchange for appellant's plea of guilty. The trial court accepted appellant's plea, found him guilty, and assessed the punishment recommended by the State.

## JURISDICTION

The State contends this Court has no jurisdiction to review the sufficiency of the evidence because the record does not show that the trial court gave appellant permission to appeal this defect.

### 1. Applicable Law

■ The Texas Rules of Appellate Procedure provide that if the trial court renders judgment on a defendant's plea of guilty, and:

> the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or specify that those matters were raised by written motion and ruled on before trial.

TEX.R.APP. P. 40(b)(1). A defendant's notice of appeal must comply with rule 40(b)(1) to give this Court jurisdiction to address non-jurisdictional errors. *Lyon v. State*, 872 S.W.2d 732, 736 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 114 S.Ct. 2684, 129

L.Ed.2d 816 (1994); *Shelby v. State*, 887 S.W.2d 77, 78 (Tex.App.—Dallas 1994, no pet.). Sufficiency of the evidence is a non-jurisdictional defect. *Lyon*, 872 S.W.2d at 736; *Wolfe v. State*, 878 S.W.2d 645, 646 (Tex.App.—Dallas 1994, no pet.). An appellant's notice of appeal must state the trial judge granted permission to appeal. TEX. R.APP. P. 40(b)(1). When these recitals are challenged, we examine the record to determine if it supports those recitals. *Solis v. State*, 890 S.W.2d 518, 520 (Tex.App.—Dallas 1994, no pet.) (holding an appellate court may review the entire record to determine whether the trial court granted permission to appeal). The record must support the recitals to confer jurisdiction to consider nonjurisdictional issues on appeal. *See Hutchins v. State*, 887 S.W.2d 207, 210 (Tex.App.—Austin 1995, pet. ref'd) (holding appellate court must examine the record to determine if recitals are true).

### 2. Application of Law to Facts

■ Here, appellant's notice of appeal stated that "either the trial court granted him permission to appeal, or the nonjurisdictional matters to be urged on appeal were raised by written motion and ruled on before trial." The State disputed the appellant's recitals in his notice of appeal. Contrary to the State's assertion, the record reflects that appellant testified [2] he understood that "Judge Zimmerman has given us permission to appeal this case." This evidence was uncontradicted. Because both the uncontradicted evidence and appellant's notice of appeal indicate the court granted permission to appeal, we conclude appellant has complied with rule 40(b)(1). This Court has jurisdiction to review appellant's claim of insufficient evidence.

## SUFFICIENCY OF THE EVIDENCE

In appellant's sole point of error, he contends the evidence is insufficient to support

---

1. Act of May 28, 1989, 71st Leg., R.S., ch. 785, § 4.02, 1989 Tex. Gen. Laws 3471, 3491, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3589, 3608 (current version at TEX. PENAL CODE ANN. § 12.44(a) (Vernon Supp.1996)). This provision allowed for reduction of third-degree felony pun-

ishment to misdemeanor punishment in some circumstances.

2. Appellant testified at his plea hearing before the magistrate.

his guilty plea under article 1.15 of the Texas Code of Criminal Procedure. He maintains that the document described as appellant's "signed, written judicial confession and stipulation of evidence and a factual summary in the Court's file" is not included in the statement of facts from the plea hearing. The State responds that the record contains evidence of appellant's guilt.

### 1. Applicable Law

 When an appellant challenges the sufficiency of the evidence, we review the evidence in the light most favorable to the prosecution. We determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jones v. State*, 833 S.W.2d 118, 122 (Tex.Crim.App.1992), *cert. denied*, 507 U.S. 921, 113 S.Ct. 1285, 122 L.Ed.2d 678 (1993). We find the evidence sufficient to sustain the conviction if the collective weight of all the incriminating circumstances warrants the conclusion. *Livingston v. State*, 739 S.W.2d 311, 330 (Tex.Crim.App.1987), *cert. denied*, 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988).

In a bench trial, a plea of guilty will not support a felony conviction unless the State introduces sufficient evidence to support the plea. *See* TEX.CODE CRIM. PROC. ANN. art. 1.15 (Vernon Supp.1996); *Dinnery v. State*, 592 S.W.2d 343, 351 (Tex.Crim.App. 1980) (op. on reh'g). A judicial confession alone, however, will sustain a conviction on a guilty plea. *Dinnery*, 592 S.W.2d at 353.

### 2. Application of Law to Facts

At trial, appellant entered a plea of guilty to the charges alleged in the indictment. He testified that he was guilty of the offense as charged in the indictment and that he had entered a plea of guilty because he was guilty and for no other reason. The State offered, and the trial judge admitted, appellant's signed "Judicial Confession" as State's exhibit number one. Appellant had "no objection." [3]

After appellant submitted his appellate brief, this Court granted the State's motion to file a supplemental statement of facts. The supplemental statement of facts contains State's exhibit number one, appellant's written judicial confession.

The record reflects that appellant's written confession was admitted into evidence without objection at trial. This is sufficient to sustain the trial court's finding of guilt. The State needed nothing else. We overrule appellant's only point of error.

We affirm the trial court's judgment.

---

**3.** Appellant also did not object to the State's characterization of State's exhibit number one as "the Defendant's signed, written judicial confession and stipulation of evidence and a factual summary in the Court's file."