Affirmed and Memorandum Opinion filed December 23, 2003









Affirmed and Memorandum Opinion filed December 23,
2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS. 14-02-01308-CR

         14-02-01309-CR

         14-02-01310-CR

         14-02-01311-CR

         14-02-01312-CR

____________

 

STEVEN CRAIG NETTLES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 228th
District Court

Harris County, Texas

Trial Court Cause Nos. 907733,
907818, 907819, 907820, & 907837

 



 

M E M O R A N D U M  
O P I N I O N








Appellant pleaded guilty to three counts of deadly conduct
and two counts of arson.  The trial court
assessed punishment at ten years= confinement for each offense.  In four issues, appellant contends (1) he was
denied effective assistance of counsel; (2) the trial court erred in entering a
deadly weapon finding in cause number 907837 because there was no evidence to
support the finding; (3) the trial court lacked jurisdiction over cause number
907733 because the indictment was not specific enough; and (4) the trial court
erred in finding appellant guilty of deadly conduct in cause numbers 907819 and
907820 because there was no evidence appellant acted recklessly.  We affirm.

Factual Background

Appellant pleaded guilty to shooting a firearm through the
window of a delicatessen on two separate occasions, setting fire to two
vehicles owned by complainants Lisa and Shannon Wade, and shooting a firearm at
the Wade residence.  At the State=s request, the trial court made
an affirmative finding that appellant used and exhibited a deadly weapon in
each of the five offenses as stated in the indictments.  However, because they could not agree on
punishment, at appellant=s request the court reset the
cases for sentencing following a Pre-Sentence Investigation (APSI@).  At sentencing, the court considered appellant=s PSI report, which contained
medical records, victim impact statements, and character reference letters, and
heard testimony from several witnesses, including appellant.  Subsequently, the trial court sentenced
appellant to ten years= confinement for each offense. 

Discussion

A. 
Ineffective Assistance of Counsel 








In his first issue, appellant
argues he was denied effective assistance of counsel because his trial counsel
failed to object to statements appellant contends are expert opinions given by
lay witnesses.  Specifically, appellant
asserts that Lisa and Shannon Wade, through their victim impact statements,
claimed Lisa had suffered a miscarriage as a result of the stress caused by
appellant=s actions.[1]  Appellant argues this amounted to speculative
lay opinion on a matter of medical science and, because the State did not
provide any expert testimony establishing to a reasonable medical certainty
that Lisa suffered a miscarriage due to stress, the Wades= statements were
inadmissible.  

Whether a defendant received
effective assistance of counsel is governed by the Strickland test
promulgated by the United States Supreme Court. 
Strickland v. Washington, 466 U.S. 668 (1984).  To prove an ineffective assistance of counsel
claim, the appellant must first show that counsel=s performance was deficient to
the extent his or her assistance fell below an objective standard of
reasonableness.  Thompson v. State,
9 S.W.3d 808, 812 (Tex. Crim. App. 1999). 
Second, the appellant must affirmatively prove prejudice.  Id. 
Under the second prong, the record must show a reasonable
probability that the outcome of the proceeding would have been different, but
for counsel=s error.  Perez v. State, 960 S.W.2d 84, 88
(Tex. App.CAustin 1997, no pet.).  This two-prong test applies at both the
guilt/innocence and punishment phases of trial. 
Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App.
1999).   








Appellant bears the burden to
prove by a preponderance of the evidence that his trial counsel was
ineffective.  Thompson, 9 S.W.3d
at 813; Cannon v. State, 668 S.W.2d 401, 403 (Tex. Crim. App.
1984).  When reviewing a claim of
ineffective assistance, a court must indulge a strong presumption that counsel=s conduct falls within a wide
range of reasonable professional assistance. 
Strickland, 466 U.S. at 689. 
Further, an allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the supposed
ineffectiveness.  Thompson, 9
S.W.3d at 813; Jackson v. State, 973 S.W.2d 954, 955 (Tex. Crim. App.
1998); McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App.
1996).  When presented with no evidence
of counsel=s reasons for the challenged
conduct, an appellate court will presume a strategic motivation if one can be
imagined and will not conclude counsel=s action was deficient unless
the conduct was so outrageous that no competent attorney would have engaged in
it.  Garcia v. State, 57 S.W.3d
436, 440 (Tex. Crim. App. 2001); see Thompson v. State, 9 S.W.3d at
814.  If the record does not contain a
specific explanation for defense counsel=s actions, an appellate court
cannot reverse a conviction based upon a claim of ineffective assistance of
counsel.  See Bone v. State, 77
S.W.3d 828, 830 (Tex. Crim. App. 2002). 

In this case, appellant fails
to satisfy the first prong of the Strickland test because there is
nothing in the record to overcome the strong presumption that counsel=s conduct was reasonable and
professional.  Because there was neither
a motion for new trial nor a petition for writ of habeas corpus to explain
trial counsel=s actions, the record is
undeveloped and not adequate to reflect any alleged failings of trial
counsel.  Freeman v. State, No.
2156-01, slip op. at ___, 2003 WL 22510582, at *1 (Tex. Crim. App. Nov. 5,
2003); see generally Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim.
App. 2002) (stating that a writ of habeas corpus is the appropriate vehicle to
investigate ineffective assistance of counsel claims). Thus, we must presume
that counsel had a plausible reason for his actions.  See Safari v. State, 961 S.W.2d 437,
445 (Tex. App.CHouston [1st Dist.] 1997, pet. ref=d, untimely filed).  To conclude otherwise, calls for speculation,
and this we will not do.  See id.
(citing Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994)).  Appellant=s first issue is overruled.

B.  Deadly Weapon Finding








In appellant=s second issue, he argues that
neither the PSI report nor evidence adduced at sentencing suggest the use or
exhibition of a firearm during the commission of the arson offense, as alleged
in the indictment.  Appellant reasons
that, because there is no proof he used or exhibited a firearm, the trial court
had a duty to make a negative finding as to the deadly weapon.[2]  

The indictment in this cause
specifically states the following:

The duly organized Grand Jury of
Harris County, Texas, presents in the District of Harris County, Texas that in
Harris County, Texas, Steven Craig Nettles, hereafter styled the Defendant,
heretofore on or about January 20, 2002, did then and there unlawfully, start a
fire by igniting a flammable liquid with an incendiary device with the intent
to destroy and damage a vehicle located at 9626 Poynes and knowing that the
vehicle was insured against damage and destruction. 

It is further presented that in Harris
County, Texas, Steven Craig Nettles, hereafter styled the Defendant, heretofore
on or about January 20, 2002, did then and there unlawfully start a fire by
igniting a flammable liquid with an incendiary device with the intent to
destroy and damage a vehicle located at 9626 Poynes and knowing that the
vehicle was located on property belonging to another.  

The final paragraph of the
indictment alleges that appellant Aused and exhibited a deadly
weapon, namely, a firearm during the commission of and during immediate flight
therefrom.@ The indictment contains all of
the necessary elements of arson.[3]  Tex.
Pen. Code ' 28.02.








Appellant pleaded guilty to the
felony offense of arson as stated in the indictment.[4]  When a defendant pleads guilty to an
indictment that includes an allegation he used a deadly weapon during the
commission of the offense, the trial court may make a deadly weapon
finding.  Hunt v. State, 967
S.W.2d 917, 919 (Tex. App.CBeaumont 1998, no pet.); Alexander
v. State, 868 S.W.2d 356, 361 (Tex. App.CDallas 1993, no pet.).  In appellant=s judicial confession, he
confessed that the allegations contained in the indictment, including the use
of a deadly weapon, were true.  A judicial
confession is sufficient to support the court=s affirmative deadly weapon
finding.  Alexander, 868 S.W.2d at
360.  Accordingly, we overrule appellant=s second issue.  

C.  Deadly Conduct Crimes

1.  Jurisdiction of the Trial Court

In appellant=s third issue, he contends the
trial court lacked jurisdiction over cause number 907733, a deadly conduct
charge, because the indictment did not allege the offense with enough
specificity to allow him to identify the penal statute under which the state
intended to prosecute.  








A person commits deadly conduct
if he Aknowingly discharges a firearm
at or in the direction of . . . a habitation, building, or vehicle and is
reckless as to whether the habitation, building, or vehicle is occupied.@  Tex.
Pen. Code ' 22.05(b)(2).  The indictment at issue stated appellant did Aunlawfully, knowingly discharge
a firearm at and in the direction of a habitation, namely, a habitation located
at 9626 Poynes.@  Further, the indictment specifically stated
the felony charge was ADEADLY CONDUCT.@  Here, appellant argues that because the
indictment fails to allege he was reckless as to whether the habitation was
occupied, the indictment is not specific enough to identify the applicable
penal statute.[5]  We disagree.

Generally, an indictment must
plead every element that must be proven at trial.  Dinkins v. State, 894 S.W.2d 330, 338
(Tex. Crim. App. 1995).  However, an
indictment is sufficient to vest the trial court with jurisdiction if it
accuses someone of a crime with sufficient clarity and specificity to identify
the penal statute under which the State intends to prosecute, even if the
indictment is otherwise defective.  See
Duron v. State, 956 S.W.2d 547, 550B51 (Tex. Crim. App. 1997).  This is true even if the indictment fails to
include an element of the offense.  Id.
at 551; see, e.g., Caldwell v. State, 971 S.W.2d 663, 666 (Tex.
App.CDallas 1998, pet. ref=d); Le v. State, 963
S.W.2d 838, 844 (Tex. App.CCorpus Christi 1998, pet. ref=d).  Indeed, the Court of Criminal Appeals has
held that indictments which omit any reference to a culpable mental state are
not fundamentally defective so as to preclude the trial court from obtaining
jurisdiction in the cases.  See State
v. Oliver, 808 S.W.2d 492, 493B94 (Tex. Crim. App. 1991).

In this case, the indictment
included one of the requisite mental states under the offense of deadly conductCknowingly discharging a
firearm.  In addition, the indictment not
only stated the felony charge was ADEADLY CONDUCT,@ but also provided that appellant
knowingly discharged a firearm at and in the direction of a habitation. This
language tracks the language in the Penal Code pertaining to the offense of
deadly conduct.  See Tex. Pen. Code ' 22.05(b)(2).  Although it may have omitted the element of
recklessness, it was sufficiently specific to inform the appellant of the penal
statute involved. 








Moreover, the failure to allege
an element of an offense in an indictment is a defect of substance. Studer
v. State, 799 S.W.2d 263, 268 (Tex. Crim. App. 1990); Muhammad v.
State, 846 S.W.2d 432, 437 (Tex. App.CHouston [14th Dist.] 1992, pet.
ref=d).  Defects of substance must be raised before
commencement of trial, otherwise the accused forfeits his right to raise the
objection on appeal or by collateral attack. 
Studer, 799 S.W.2d at 268; see Tex. Code Crim. Proc. art. 1.14(b).  Because appellant failed to object to the
indictment prior to trial, he waived this issue on appeal.  See State v. Murk, 815 S.W.2d 556, 557B58 (Tex. Crim. App. 1991) (holding
that failure of an indictment to allege any culpable mental state is a
defect of substance which the defendant waives if not raised before trial); Oliver,
808 S.W.2d at 493B94 (same); Prudhome v. State, 989 S.W.2d 852, 854
(Tex. App.CHouston [14th Dist.] 1999, no pet.)
(same).  Accordingly, we overrule appellant=s third issue. 

2.  Sufficiency of the Evidence

In his fourth issue, appellant
asserts there is no evidence to support the allegations he was reckless in the
indictments for the felony offenses of deadly conduct in cause numbers 907819
and 907820.  

When an appellant challenges
the sufficiency of the evidence, we review the evidence in a light most
favorable to the verdict.  Ross v.
State, 931 S.W.2d 633, 635 (Tex. App.CDallas 1996, no pet.).  We determine whether any rational trier of
fact could have found all the essential elements of the offense beyond a
reasonable doubt.  Jones v. State,
833 S.W.2d 118, 122 (Tex. Crim. App. 1992); Ross, 931 S.W.2d at
635.  The evidence is sufficient to
uphold the conviction if the collective weight of all the incriminating
circumstances warrants the conclusion.  Livingston
v. State, 739 S.W.2d 311, 330 (Tex. Crim. App. 1987); Ross, 931
S.W.2d at 635.








According to appellant, on two
separate occasions, he fired shots into a delicatessen owned by Jon Daigle
after the delicatessen=s regular business hours.  Specifically, in a statement submitted to the
court, appellant stated that on the first occasion, he fired four to five shots
from his rifle at a time he Aknew the business was closed@ and, on the second occasion,
at 1:00 a.m., when he Aknew no one was in the business
and that it was closed.@[6] 

According to article 1.15 of
the Texas Code of Criminal Procedure, a defendant in a felony case may waive
his right to a jury trial and plead guilty, provided the State introduces
sufficient evidence of the defendant=s guilt.  Tex.
Code Crim. Proc. art. 1.15; Dinnery v. State, 592 S.W.2d 343, 351
(Tex. Crim. App. 1980) (op. on reh=g); Ross, 931 S.W.2d at
635.  A judicial confession, which is a
defendant=s admission the allegations in
the indictment are true, is sufficient to sustain a conviction upon a plea of
guilty without any additional evidence.  Dinnery,
592 S.W.2d at 353; Ross, 931 S.W.2d at 635; see Boyd v. State,
Nos. 14-99-01355B57-CR, 2001 WL 619587, at *3
(Tex. App.CHouston [14th Dist.] June 7,
2001) (not designated for publication). 








Here, before the trial court,
appellant entered a plea of guilty to the offenses charged in each
indictment.  In the AWaiver of Constitutional
Rights, Agreement to Stipulate, and Judicial Confession@ for both deadly conduct
charges at issue, it is specifically stated that appellant was reckless as to
whether the building was occupied each time he fired into it.  Also, appellant confessed to committing the
crimes as alleged in the indictments. 
Appellant testified he pleaded guilty freely and voluntarily because he
was guilty of the offenses of deadly conduct. 
The State offered, and the trial judge admitted, both of appellant=s signed judicial confession
forms without objection by appellant.[7]  Because the record reflects that appellant=s written judicial confessions
were admitted into evidence without objection at trial, this is sufficient to
sustain the trial court=s finding of guilt.  See Ross, 931 S.W.2d at 635.  We overrule appellant=s fourth issue.  

Accordingly, the judgment of the trial
court is affirmed. 

 

 

 

/s/      Eva
M. Guzman

Justice

 

Judgment rendered and
Memorandum Opinion filed December 23, 2003.

Panel consists of Justices
Edelman, Frost, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 











[1]  Lisa=s victim impact statement indicated,
among other things, that she and her husband had been Awanting a child,@ and that during the Asecond car bomb,@ she was alone because her husband was
at boot camp.  Lisa then stated, AI was under a lot of stress and my
baby did not grow. . . . Shannon and I, as well as many of our family members,
believe that I was under too much stress to carry that baby.@ 
Shannon=s victim impact statement contains the
following: ASince the first fire bomb incident in
December our lives have been affected in many different ways, . . . . We have
been driven from our home, separated from our daughter, and had a miscarriage.
. . . My wife suffered a miscarriage after the second car bomb and my daughter
is in therapy. . . .@ 
Victim impact statements may contain any information, other than facts
related to the commission of the offense, related to the impact of the offense
on the victim.  Tex. Code Crim. Proc. art. 56.03(b)(8).  Also, crime
victims have the right to have their victim impact statements considered by a
judge before sentencing.  Id. art.
56.02(a)(13)(A).  





[2]  Appellant relies upon Moon v. State,
572 S.W.2d 681, 682 (Tex. Crim. App. 1978) (op. on reh=g), to support his argument.  In Moon, the issue was whether the
trial court had to sua sponte withdraw a defendant=s guilty plea when evidence was
presented that raised the issue of a lesser included offense or of defendant=s innocence.  Id. 
The court held that because the trial courtCas opposed to a juryCwas the trier of fact, the trial court
was not required to withdraw a guilty plea; rather, the trial court had
a duty to consider all the evidence submitted and could find the
defendant guilty of a lesser included offense, or it could find the defendant
not guilty.  Id.  Appellant asserts that, similarly, when a
trial court detects an absence of proof to support a specific deadly weapon
allegation, it has a duty to make a negative finding as to the deadly weapon
and ensure that the judgment reflects that finding.  We decline to read Moon as requiring
that result in this case.  Here, the
trial court presumably considered all the evidence, including appellant=s guilty plea, which specifically
stated the allegations in the indictment were true, and made an affirmative
finding on the use of a deadly weapon.   





[3]  In relevant
part, the statute establishes A[a] person commits an offense if the person starts a
fire, regardless of whether the fire continues after ignition, or causes an
explosion with intent to destroy or damage . . . any building, habitation, or
vehicle . . . knowing that it is insured against damage or destruction . . . .@ Tex. Pen. Code
' 28.02(a)(2)(B).





[4]  Appellant
speculates that the indictment for this cause number was mistakenly drafted to
reflect a firearm as the deadly weapon, because the other arson indictment
specified Afire@ as the deadly weapon. 
However, any defects in the substance or form of the indictment must be
raised before or during trial, or such defects are waived.  Tex.
Code Crim. Proc. art. 1.14(b); Ex parte Long, 910 S.W.2d 485, 486
(Tex. Crim. App. 1995).  Thus, this
contention has not been timely raised.   






[5]  Appellant
argues the Class B misdemeanor offense of disorderly conduct under Penal Code
section 42.01(a)(9) or the misdemeanor offense of discharge of a firearm in
certain municipalities under Penal Code 
section 42.12 could apply to the facts of this case.  





[6]  As further
support for appellant=s contention there was no proof he was reckless,
appellant highlights Jon Daigle=s AVictim Impact Letter@ which
stated that appellant fired shots into his delicatessen when the business was
closed and no one was in the building. 
He also references the written PSI report which was silent as to whether
there were any employees or customers in the delicatessen when it was fired
upon.  This information is irrelevant to
the issue of appellant=s recklessness in this case because in the context of
the deadly conduct offense, whether appellant was reckless focuses on his
awareness of a substantial and unjustifiable risk that the building was
occupied, not on what may have actually happened or what someone may have
failed to report.  See Tex. Pen. Code ' 6.03(c).  





[7]  These two
forms were admitted into evidence simultaneously with the three judicial
confession forms pertaining to the offenses committed against the Wades.