**AFFIRM; and Opinion Filed April 27, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00252-CR

**ENRIQUE GONZALO EUAN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1476141-P**

## MEMORANDUM OPINION

Before Justices Lang, Fillmore, and Schenck
Opinion by Justice Fillmore

Pursuant to an open plea of guilty, appellant Enrique Gonzalo Euan was convicted of aggravated sexual assault of a child, *see* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (2)(B) (West Supp. 2016), and the trial court assessed punishment of twelve years' confinement. In three issues, appellant argues: (1) the trial court failed to elicit a plea from him in open court as required by article 27.13 of the code of criminal procedure; (2) the trial court abused its discretion by failing to conduct a competency hearing *sua sponte*; and (3) there is insufficient evidence to sustain his conviction. We affirm the trial court's judgment.

**Background**

Appellant was indicted on a charge of aggravated sexual assault of a child.[1] Responding to questions from the trial court at the plea hearing, appellant said he understood "exactly what [he was] charged with," the range of punishment, and that he had freely and voluntarily given up his right to a jury trial after conferring with his lawyer. Appellant further stated his lawyer had "gone over" with him admonishments regarding sex offender registration requirements and discovery under article 39.14 of the code of criminal procedure; appellant indicated he understood the admonishments as well as his right to appeal by reason of his "coming open to the Court." Appellant stated he understood the "paperwork" he signed and his lawyer had "gone over" the paperwork with him. Without objection, appellant's signed, written judicial confession and stipulation of evidence was admitted into evidence.

The defense called psychotherapist Stephen Finstein, who had counseled appellant since April 2015, to testify at the plea hearing. Based on testing performed during counseling, Finstein testified appellant "was likely being honest in his presentation" to Finstein. With regard to appellant's "mental status examination," appellant scored in the normal range, "[i]s free of acute mental illness," and showed no sign of significant mental illness other than depression he had experienced "over the years." According to Finstein, appellant is an alcoholic in recovery who had been sober for approximately twenty months. Finstein believed alcohol caused appellant's behavior resulting in the sexual assault of L.S. Finstein also testified that when appellant was "completely drunk," he did things he could not recollect, and appellant has a history of "blacking out" from drinking.

---

[1] The trial court signed an order granting the State's motion to reduce the offense charged in the indictment from the offense of aggravated sexual assault of a child younger than six years of age at the time of the offense to the lesser-included offense of aggravated sexual assault of a child.

Appellant indicated to Finstein that he had no recollection of sexually assaulting L.S. Finstein testified that although appellant stated he did not remember penetrating L.S.'s sexual organ with his finger, appellant had "guilt feelings" about the possibility that he had done something very bad and believes it "likely" that he sexually assaulted L.S. Appellant told Finstein he had "vague recollections" of the offense and recalled "bits and pieces." Appellant stated to Finstein that L.S. had no reason to lie about what had occurred. Finstein testified appellant had been drinking the night of the incident, remembered he was with L.S. while L.S.'s mother was with friends, and remembered "something about taking [L.S.'s] panties off." In his professional opinion, Finstein believed appellant sexually assaulted L.S.

The defense also called K.S., L.S.'s mother, to testify. K.S. testified L.S. was five years old at the time she made an outcry to K.S. of sexual abuse by appellant. L.S. stated she had been in a car with appellant, it was dark, and he had "touched something like where he was not supposed to." K.S. believed appellant sexually assaulted L.S. on that occasion. K.S. testified appellant's drinking was a serious problem, and she was aware of appellants "blackouts" resulting in him not remembering things that occurred while he was drinking.

Catherine Fajardo, appellant's wife, was called to testify by the defense. She and appellant separated because of appellant's drinking. While Fajardo believed appellant "had turned his life around since this happened," she acknowledged appellant was pleading guilty to sexually assaulting L.S.

At the plea hearing, appellant testified he "knew why" he was in court. Although appellant testified he did not remember penetrating L.S.'s sexual organ with his finger because he was intoxicated at the time, he acknowledged he had signed a judicial confession admitting he sexually assaulted L.S. as charged in the indictment. Appellant confirmed he was not denying he

sexually assaulted L.S., even though his memory was clouded from the alcohol he had consumed the night of the occurrence.

Appellant recounted that on the night of the occurrence, he had consumed one or two thirty-two ounce beers at a restaurant in Grapevine, Texas. He then took L.S. with him to Dallas, Texas, while K.S. remained at the restaurant with friends. On the way to his home in Dallas, appellant stopped and bought a twelve-pack of beer that he was "downing" while he was driving. Appellant recalled L.S. sitting in his lap so she could drive his car in a parking lot while he continued to drink beer, and L.S. had her pants down. He believed he had told L.S. to pull her pants down. Appellant recalled driving to his house to take a shower and thereafter driving L.S. back to Grapevine to pick up K.S., stopping on the way to buy more beer which he testified he did not drink.

Although he stated he could not recall penetrating L.S.'s sexual organ with his finger, when questioned by the trial court about whether he remembered what he had done, appellant affirmatively stated he remembered, and appellant stated, "I did it." Responding to questioning by his lawyer, appellant stated, "I did the crime."

The trial court signed appellant's plea agreement, in which the court found appellant's plea to have been knowingly, freely, and voluntarily made.[2] At the subsequent sentencing hearing, appellant responded to the trial court that he recalled his open plea in court at the plea hearing. Appellant's lawyer stated he believed appellant was mentally competent. The trial court found appellant mentally competent and that his plea of guilty was freely and voluntarily made. The trial court accepted appellant's plea of guilty and assessed punishment of twelve years' confinement. The trial court sentenced appellant after appellant's lawyer stated there was no reason at law appellant should not be sentenced.

---

[2] Appellant and his lawyer also signed the plea agreement.

–4–

**Plea in Open Court**

In his first issue, appellant asserts for the first time on appeal that the trial court failed to elicit a plea from him in open court as required by article 27.13 of the code of criminal procedure. Article 27.13 of the code of criminal procedure provides that "[a] plea of 'guilty' or a plea of 'nolo contendere' in a felony case must be made in open court by the defendant in person." TEX. CODE CRIM. PROC. ANN. art. 27.13 (West 2006). The purpose of article 27.13 is to establish "that the accused voluntarily desires to plead guilty." *Costilla v. State*, 146 S.W.3d 213, 217 (Tex. Crim. App. 2004).

The State responds that appellant failed to preserve this complaint. Generally, to preserve a complaint for our review, a party must make a timely request, objection, or motion in the trial court stating the specific grounds for the desired ruling, if those grounds are not apparent from the context, and must obtain a ruling. TEX. R. APP. P. 33.1(a); *Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015), *cert. denied*, 136 S. Ct. 1461 (2016); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.); *see also Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). Appellant did not object in the trial court or in a motion for new trial that the trial court had not elicited a plea of guilty from him in open court.

We have not located a court of criminal appeals opinion deciding the question of whether article 27.13 compliance is an issue that may be procedurally barred by failure to complain in the trial court. In *Costilla v. State*, 84 S.W.3d 361, 363 (Tex. App.—Beaumont 2002), *aff'd*, 146 S.W.3d 213 (Tex. Crim. App. 2004), the Beaumont court of appeals held a complaint that a trial court failed to satisfy the requirements of article 27.13 could be raised for the first time on appeal. However, in affirming the Beaumont court of appeals on other grounds, the court of criminal appeals specifically declined to address whether the complaint was procedurally barred. *See Costilla*, 146 S.W.3d at 216.

In an opinion subsequent to the court of criminal appeals opinion in *Costilla*, the Beaumont Court of Appeals assumed, without deciding, that a complaint under article 27.13 could be raised for the first time on appeal, and concluded the record demonstrated substantial compliance with article 27.13. *Baker v. State*, No. 09-13-00085-CR, 2014 WL 1400373, at *6 (Tex. App.—Beaumont Apr. 9, 2014, pet. ref'd) (mem. op., not designated for publication); *see also Houston v. State*, No. 14-10-00893-CR, 2011 WL 2536166, at *1 (Tex. App.—Houston [14th Dist.] June 28, 2011, no pet.) (mem. op., not designated for publication) (assuming it could review appellant's complaint of non-compliance with article 27.13 raised for first time on appeal, appellate court concluded trial court substantially complied with article 27.13); *Frazier v. State*, No. 14-09-00955-CR, 2010 WL 5395804, at *1 (Tex. App.—Houston [14th Dist.] Dec. 21, 2010, pet. ref'd) (mem. op., not designated for publication) (assuming it could review complaint raised for first time on appeal that trial court conducted punishment hearing without appellant entering plea of guilty in violation of due process rights and article 27.13, appellate court concluded contention lacked merit).

In an opinion of this Court that predates the 2004 opinion of the court of criminal appeals in *Costilla*, we assumed, without deciding, that appellant could raise a complaint for the first time on appeal that the trial court failed to comply with article 27.13. *Cantu v. State*, No. 05-01-00241-CR, 2001 WL 856918, at *1 (Tex. App.—Dallas July 31, 2001, no pet.) (not designated for publication). However, subsequent to the 2004 *Costilla* opinion, this Court specifically held an appellant's complaint that the trial court failed to comply with article 27.13 raised for the first time on appeal was waived. *Nunes v. State*, No. 05-04-01741-CR, 2006 WL 762841, at *8 (Tex. App.—Dallas Mar. 27, 2006, pet. ref'd) (not designated for publication) (appellant waived issue asserting trial court failed to comply with article 27.13 where there was no indication in record appellant objected in the trial court and the issue was not raised in a motion for new trial).

Relying on our prior opinion in *Nunes*, we conclude Appellant has failed to preserve this complaint on appeal. *See* TEX. R. APP. P. 33.1(a).

The State argues in the alternative that appellant's first issue is without merit because the trial court substantially complied with article 27.13. "[A]ny complaint arguing deviation from article 27.13 should be evaluated under the particular facts of the case to determine whether the trial court complied with the applicable law." *Costilla*, 146 S.W.3d at 217. Assuming for the sake of argument appellant did not waive this issue, *see Nunes*, 2006 WL 762841, at *8 n.4, we note the court of criminal appeals has held article 27.13 does not require an oral plea. *See Costilla*, 146 S.W.3d at 217 (although "the better practice is to inquire of the defendant personally what his plea is," the statute does not require an oral plea); *see also Nunes*, 2006 WL 762841, at *8 n.4.

The record contains the plea agreement signed by appellant, his lawyer, and the trial court. The plea agreement reflects appellant's open plea of guilty to the offense of aggravated sexual assault of a child; that his admission and judicial confession of guilt were freely and voluntarily made; that his lawyer had explained, and appellant had read and understood, the admonitions and warnings regarding his rights and his plea; and his request that the trial court accept his plea. At the plea hearing, appellant responded affirmatively to the trial court's inquiry whether he understood "exactly what you are charged with and the range of punishment." He also stated his understanding of his "absolute right to a jury trial in this case," and that he freely and voluntarily gave up his right to a jury trial. Appellant stated the "paperwork" the trial court had before it correctly reflected he had conferred with his lawyer, his lawyer had "gone over" the paperwork, he had signed the paperwork, and he understood the paperwork. He further stated his lawyer had "gone over" with him admonishments regarding sex offender registration requirements and discovery under article 39.14 of the code of criminal procedure, and he

–7–

understood those admonishments and his right to appeal pursuant to his "coming open to the Court." In his testimony at the plea hearing, appellant acknowledged he signed the plea agreement and was "going open to this judge" with regard to punishment. Appellant's lawyer signed the plea agreement in which he requested the trial court accept appellant's plea. During his testimony, appellant answered inquiries from the trial court regarding why he pleaded guilty. The trial court signed the plea agreement, in which the court found appellant's plea to have been knowingly, freely, and voluntarily made. At the subsequent sentencing hearing, appellant responded affirmatively to recalling the open plea in court at the plea hearing. *See id*. at 217 (considering written acknowledgments, waivers, and stipulations with other facts pointing to defendant's voluntary desire to plead guilty).

The record confirms appellant's acknowledgment in open court of his guilty plea and that he understood he was pleading guilty to the charged offense. On this record, the trial court substantially complied with article 27.13. *See id*. at 214–17.

We resolve Appellant's first issue against him.

### Competency Hearing

In his second issue, appellant asserts the trial court abused its discretion by failing to conduct a competency hearing *sua sponte* upon hearing testimony during the plea hearing that "raised legitimate concern" regarding appellant's competency at the time he entered his guilty plea. Appellant points to his testimony at the plea hearing that he could not recall penetrating L.S.'s sexual organ due to his intoxication at the time of the offense and the trial court's questioning concerning his understanding of the charges against him. The State responds that the record belies appellant's contention that a competency inquiry was warranted, and the trial court correctly found appellant competent to enter his guilty plea.

The prosecution and conviction of a defendant while he is legally incompetent violates due process. *Morris v. State*, 301 S.W.3d 281, 299 (Tex. Crim. App. 2009). A trial court shall not accept a plea of guilty or nolo contendere unless it appears the defendant is mentally competent and the plea is free and voluntary. TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (West Supp. 2016). "A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence." TEX. CODE CRIM. PROC. ANN. art. 46B.003(b) (West 2006). A defendant is incompetent to stand trial for a criminal offense if he does not have 1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or (2) a rational as well as factual understanding of the proceedings against him. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.003(a); *Petetan v. State*, No. AP-77,038, 2017 WL 915530, at \*28 (Tex. Crim. App. Mar. 8, 2017).

Article 46B of the code of criminal procedure codifies the constitutional standard for competency to stand trial and describes the "circumstances that require, and procedures for making, a determination of whether a defendant is competent to stand trial." *Turner v. State*, 422 S.W.3d 676, 689 (Tex. Crim. App. 2013). If evidence suggesting a defendant may be incompetent to stand trial comes to a trial court's attention, "the court on its own motion shall suggest that the defendant may be incompetent to stand trial" and "shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." TEX. CODE CRIM. PROC. ANN. art. 46B.004(b)–(c) (West Supp. 2016). The threshold requirement for an informal inquiry is a "suggestion of incompetency," and it "may consist solely of a representation from any credible source that the defendant may be incompetent." *Id*. art. 46B.004(c-1). A further evidentiary showing is not required to initiate the inquiry, and the court is not required to have a bona fide doubt about the competency of the defendant. *Id*. "Evidence suggesting the need for an informal inquiry may be

based on observations made in relation to one or more of the factors described by Article 46B.024 or on any other indication that the defendant is incompetent within the meaning of Article 46B.003." *Id.* These factors include the capacity of the defendant to (a) rationally understand the charges against him and the potential consequences of the pending criminal proceedings; (b) disclose to counsel pertinent facts, events, and states of mind; (c) engage in a reasoned choice of legal strategies and options; (d) understand the adversarial nature of criminal proceedings; (e) exhibit appropriate courtroom behavior; and (f) testify. *Id*. art. 46B.024(1)(A–F) (West Supp. 2016); *Anthony v. State*, No. 06-15-00233-CR, 2016 WL 3476918, at *2 (Tex. App.—Texarkana June 22, 2016, no pet.).

We review a trial court's decision regarding an informal competency inquiry for an abuse of discretion. *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009), *superseded on other grounds by statute as recognized in Turner v. State*, 422 S.W.3d 676, 692, n.31 (Tex. Crim. App. 2013). In conducting our review, we do not substitute our judgment for that of the trial court, but rather determine whether the trial court's decision was arbitrary or unreasonable. *Id.*

Appellant acknowledges in his appellate brief that "intoxication alone cannot render a defendant incompetent under current Texas law." However, he asserts "the extent to which he was deprived of his faculties due to intoxication is a factor in making a determination of his competency or incompetency." Appellant asserted at the plea hearing that due to his alcohol abuse, he could not remember penetrating L.S.'s sexual organ with his finger. Appellant testified that he suffered a "blackout," and his inability to remember was a result of the amount and rapidity of alcohol consumption. However, "a defendant's [inability to recall the event charged] is akin to 'missing' evidence," which does not give rise to a finding of incompetence. *Morris*, 301 S.W.3d at 292–93, n.38 (citing *Morrow v. State*, 293 Md. 247, 443 A.2d 108, 112–13 (1982)). As the court of criminal appeals has theorized, the only instance in which amnesia

could potentially constitute incompetence would be the "extraordinary situation . . . where the amnesia compromises the defendant's ability to think rationally." *Gonzales v. State*, 313 S.W.3d 840, 842–43 (Tex. Crim. App. 2010).

Appellant conflates the issue of his mental state at the time of the offense with his mental competency to plead guilty to the charged offense.[3] Competency to stand trial involves evaluation of the defendant's present mental state. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.003(a); *see also Ward v. State*, 906 S.W.2d 182, 185 (Tex. App.—Austin 1995, pet. ref'd) (evidence regarding nature and causes of defendant's drug addiction raised no issue regarding his ability to understand the proceedings against him or consult with his attorney with a reasonable degree of rational understanding).[4] Despite his purported loss of memory regarding the sexual assault due to his state of intoxication at the time of the offense, there was no suggestion at the plea or sentencing hearings that appellant did not have sufficient ability to rationally consult with his lawyer or lacked a rational and factual understanding of the proceedings against him.[5] To the contrary, Finstein testified that appellant scored in the normal range on his "mental status examination," "[i]s free of acute mental illness," and showed no sign of significant mental illness other than depression he had experienced "over the years. Further, appellant communicated effectively with the trial court at the plea hearing. Responding to questions, he said he understood "exactly what [he was] charged with," the range of punishment, and the paperwork he signed. Appellant testified he had been working with his lawyer for over a year before the

---

[3] *See also Willis v. State*, No. 05-03-00816-CR, 2004 WL 42624, at *2 (Tex. App.—Dallas Jan. 9, 2004, no pet.) (not designated for publication) ("Appellants point of error mixes the issue of this mental state at the time of the offense with his mental competency to stand trial for an offense. The fact that appellant consumed alcohol and drugs at the time of the offense does not raise the issue of his present ability to understand the charges against him or to consult with counsel.")

[4] *See Boykin v. State*, No. 05-14-00331-CR, 2015 WL 5883376, at *3 (Tex. App.—Dallas Oct. 8, 2015, pet. ref'd) (mem. op., not designated for publication) (without some evidence that lack of memory prevented defendant from present ability to consult with his lawyer with a reasonable degree of rational understanding or resulted in lack of rational as well as factual understanding of proceedings against him, law does not require trial court to order competency examination, and intoxication causing a lack of memory of events does not render defendant incompetent to stand trial).

[5] *See Clemens v. State*, No. 05-15-00025-CR, 2016 WL 347149, at *3 (Tex. App.—Dallas Jan. 28, 2016, no pet.) (mem. op., not designated for publication).

–11–

plea hearing. He stated his lawyer had "gone over" with him the paperwork that he signed. He also affirmed he freely and voluntarily gave up his right to a jury trial and that his lawyer had "gone over" with him the trial court's admonishments regarding sex offender registration requirements and discovery under article 39.14 of the code of criminal procedure and he understood those admonishments. At the subsequent sentencing hearing, appellant responded to the trial court that he recalled his open plea in court at the plea hearing. Finally, appellant's counsel never asserted appellant had any mental issues that rendered him unable to rationally consult with his lawyer or incapable of participating in his own defense,[6] and at the sentencing hearing, appellant's lawyer stated he believed appellant was mentally competent. After observing and interacting with appellant during the plea and sentencing hearings, the trial court announced its finding at the sentencing hearing that appellant was mentally competent. *See Ross v. State*, 133 S.W.3d 618, 627 (Tex. Crim. App. 2004) (trial court's first-hand factual assessment of a defendant's competency is entitled to great deference on appeal) (citing *McDaniel v. State*, 98 S.W.3d 704, 710–11 n.19 (Tex. Crim. App. 2003)).

Considering the entirety of the record, there is no evidence suggesting appellant did not have (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or (2) a rational as well as factual understanding of the proceedings against him. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.003(a). We conclude the trial court did not abuse its discretion in failing to *sua sponte* conduct an informal inquiry into appellant's competency to enter his guilty plea. *See Ex parte Mines*, 26 S.W.3d 910, 912 (Tex. Crim. App. 2000) (competency standard for pleading guilty is not higher than competency standard for standing trial). We resolve appellant's second issue against him.

---

[6] The plea agreement in the record contains appellant's lawyer's signed representation that he had consulted with appellant, whom he believed to be competent. The plea agreement also contains the trial court's signed statement that it appeared appellant is mentally competent, is represented by counsel, and understands the nature and consequences of the charge.

**Sufficiency of the Evidence**

In his third issue, appellant asserts there is insufficient evidence to sustain his conviction. In response, the State argues appellant waived this complaint by failing to raise it in the trial court. The State further argues that, nonetheless, there is sufficient evidence to sustain appellant's conviction.

*Preservation of Complaint*

The Texas Court of Criminal Appeals has delineated three distinct categories of rights belonging to litigants: absolute or systemic requirements and prohibitions, the violation of which can never be waived or forfeited; rights of litigants which must be implemented unless expressly waived; and rights of litigants which are to be implemented upon request. *Marin v. State*, 851 S.W.2d 275, 279–80 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997)). All but the most fundamental rights are thought to be forfeited if not insisted upon by the party to whom they belong. *Id*. "Determining which category a right occupies will usually settle the question of procedural default in the context of a particular case." *Id*.

The due process guarantee of the Fourteenth Amendment requires that a conviction be supported by sufficient proof, defined as evidence necessary to convince the trier of fact beyond a reasonable doubt of the existence of every element of the offense charged. *Jackson v. Virginia*, 443 U.S. 307, 314–16 (1979). This rule does not apply when a defendant knowingly, intelligently, and voluntarily enters a plea of guilty. *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969). The entry of a valid plea of guilty has the effect of admitting all material facts alleged in the formal criminal charge. *Ex parte Williams*, 703 S.W.2d 674, 682 (Tex. Crim. App. 1986). Consequently, there is no federal constitutional requirement, cognizable in either federal or state courts, that guilt must be established beyond a reasonable doubt in guilty-plea cases. *Boykin*,

395 U.S. at 242 (federal courts); *Ex parte Williams*, 703 S.W.2d at 682 (state courts). Accordingly, the court of criminal appeals has held there is no federal constitutional requirement that evidence of guilt must be offered to corroborate a guilty plea in a state criminal prosecution. *Ex parte Williams*, 703 S.W.2d at 682.

However, the legislature has imposed a different rule in non-capital felony guilty-plea cases. Article 1.15 of the code of criminal procedure provides that when a defendant pleads guilty, he cannot be convicted upon his plea alone without sufficient evidence to support the plea. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005); *see also Wright v. State*, 930 S.W.2d 131, 132 (Tex. App.—Dallas 1996, no pet.). Article 1.15 provides in pertinent part:

> No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same.

TEX. CODE CRIM. PROC. ANN. art. 1.15.

Before 1931, a conviction for a felony offense could not be obtained without a jury verdict. *See Ex parte Williams*, 703 S.W.2d at 678. In 1931, the predecessor statute to article 1.15 was amended "to permit a defendant to waive a jury trial and enter a plea of guilty before the court in a felony case less than capital." *Id.* That legislation provided the trial court was to accept evidence as the basis for its "verdict" and "in no event shall a person charged be convicted upon his plea of guilty without sufficient evidence to support the same." *Bolton v. State*, 123 Tex. Crim. 543, 545, 59 S.W.2d 833, 834 (1933) (per curiam) (discussing the predecessor to article 1.15).[7] This afforded a defendant "an additional procedural safeguard

---

[7] Article 1.15 differs from the predecessor statute in that it requires the trial court to accept evidence to support its "judgment," not its "verdict." *See Bolton*, 59 S.W.2d at 834.

required by the State of Texas but not by federal constitutional law." *Ex parte Williams*, 703 S.W.2d at 678. "Since there would no longer be a verdict of one's peers before a defendant was sent to prison, the statute required sufficient evidence to support the judgment where he entered a guilty plea before the court to a non-capital felony." *Id*.

Article 1.15 contains the unequivocal declaration that "in no event" shall a person be convicted upon his plea without sufficient evidence to support it. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15. This language does not indicate the requirement is optional or available only if demanded by the defendant. *See Baggett v. State*, 342 S.W.3d 172, 175 (Tex. App.—Texarkana 2011, pet. ref'd) (provision of article 1.15 that "in no event" shall a person be convicted on his plea without sufficient evidence to support it is absolute or systemic requirement and a "claim of error for noncompliance with it" is not forfeited or waived by failure to object); *Stewart v. State*, 12 S.W.3d 146, 147–48 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (article 1.15 requires State to introduce evidence into record showing guilt of defendant; "failure to comply with this mandatory statute cannot be waived by the accused");[8] *see also McClain v. State*, 730 S.W.2d 739, 742, 743 (Tex. Crim. App. 1987) (defendant's stipulations of evidence did not comply with provisions of article 1.15, "which is a mandatory statute" and failure of trial court to satisfy requirements of article 1.15 could be raised for first time on appeal).[9]

---

[8] *See Reese v. State*, No. 13-13-00616-CR, 2015 WL 4381223, at *3 n.2 (Tex. App.—Corpus Christi July 16, 2015, pet. ref'd) (mem. op., not designated for publication) (article 1.15 contains absolute or systemic requirement that "in no event" shall person be convicted without evidentiary support, and failure to object to insufficiency of evidence at trial did not forfeit or waive claim of error on appeal); *Menefee v. State*, No. 12-07-00001-CR, 2010 WL 3247816, at *4–5 (Tex. App.—Tyler Aug. 18, 2010, pet. ref'd) (on remand from court of criminal appeals for determination of whether appellant waived his article 1.15 sufficiency claim, appellate court held "'sufficient evidence' requirement of article 1.15 is an absolute requirement" that can be raised for first time on appeal).

[9] *Johnson v. State*, No. 05-04-01088-CR, 2005 WL 459052, at *1 (Tex. App.—Dallas Feb. 28, 2005, no pet.) (not designated for publication) (article 1.15 provides in part that trial court must approve in writing a defendant's waiver of appearance, confrontation, and cross-examination of witnesses and defendant's consent to oral stipulations of testimony or introduction of testimony in written form; because "this requirement of article 1.15 is mandatory, it is error for the trial court to admit an unsigned stipulation"); *Blanton v. State*, No. 11-10-00095-CR, 2011 WL 2991468, at *1 (Tex. App.—Eastland July 21, 2011, no pet.) (mem. op., not designated for publication) (stipulation of evidence State offered to support guilty plea was insufficient to support conviction; article 1.15 is "mandatory statute" and issue challenging trial court compliance with statute may be raised for first time on appeal).

We conclude the statutory directive of article 1.15, that "in no event" shall a person be convicted on his or her plea without sufficient evidence to support it, falls within the category of absolute or systemic requirements and prohibitions for purposes of preservation of a sufficiency-of-the-evidence complaint on appeal. Accordingly, appellant has not waived his complaint regarding the sufficiency of the evidence under article 1.15.

*Evidence Under Article 1.15*

As to the merits of appellant's sufficiency-of-the-evidence complaint, the State contends appellant's judicial confession is sufficient evidence under article 1.15 of the code of criminal procedure to sustain a conviction upon a guilty plea. In his appellate brief, appellant acknowledges that "[a] judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea and to satisfy the requirements of article 1.15," and that for a plea made to the trial court and without a jury, the trial court has no obligation to withdraw the plea even if the evidence raises an issue as to the innocence of the defendant.

Our appellate "sufficiency" review of non-capital felony guilty pleas to the court is confined to determining whether sufficient evidence supports the judgment of guilt under article 1.15. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15; *McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.); *Keller v. State*, 125 S.W.3d 600, 604–05 (Tex. App.—Houston [1st Dist.] 2003), *pet. dism'd, improvidently granted*, 146 S.W.3d 677, 678 (Tex. Crim. App. 2004) (per curiam).[10] Although the State must introduce evidence into the record establishing the defendant's guilt, *see* TEX. CODE CRIM. PROC. ANN. art. 1.15., there is no requirement that the supporting evidence prove the defendant's guilt beyond a reasonable doubt. *McGill*, 200 S.W.3d at 330. Rather, the supporting evidence must simply embrace each essential element of the

---

[10] *See Burks v. State*, No. 05-08-01677-CR, 2010 WL 2653630, at *1 (Tex. App.—Dallas July 6, 2010, no pet.) (not designated for publication).

offense charged. *See Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996); *McGill*, 200 S.W.3d at 330.

A person commits the offense of aggravated sexual assault of a child if he intentionally or knowingly causes the penetration of the anus or sexual organ of a child by any means and the victim is younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (2)(B). In this case, the indictment tracked the language of the statute and alleged that appellant "intentionally and knowingly cause[d] the penetration of the female sexual organ of [L.S.], a child, who was not then the spouse of the defendant, by an object, to-wit: the finger of defendant."

Without objection, appellant's signed judicial confession and stipulation of evidence was admitted into evidence at the plea hearing, wherein appellant judicially confessed he committed the offense exactly as alleged in the indictment, that is, he unlawfully, intentionally, and knowingly caused the penetration with his finger of the sexual organ of L.S., a child who was not then his spouse. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (2)(B). The trial court accepted appellant's guilty plea and found the evidence sufficient to prove appellant's guilt. Appellant never sought to withdraw his guilty plea.

On appeal, appellant argues he denied committing the offense during his testimony at the plea hearing, but the trial court found him guilty of the offense despite his denials. As appellant acknowledges in his appellate brief, a trial court is not obliged to *sua sponte* withdraw a defendant's plea of guilt so long as the court fulfills its obligation to consider the evidence submitted even if evidence is adduced that reasonably and fairly raises an issue as to the defendant's guilt. *See Aldrich v. State*, 104 S.W.3d 890, 893 (Tex. Crim. App. 2003); *see also Moon v. State*, 572 S.W.2d 681, 682 (Tex. Crim. App. 1978) (there is no reason for trial court to withdraw guilty plea and enter plea of not guilty for defendant who has entered plea of guilty

after waiving jury; trial court will consider evidence submitted as trier of fact and may find defendant guilty of a lesser offense or not guilty); *Williams v. State*, 191 S.W.3d 242, 260 (Tex. App.—Austin 2006, no pet.).[11]

Appellant admitted the charged offense in the judicial confession that accompanied his open plea of guilt. A judicial confession, standing alone, is sufficient to sustain a conviction based on a guilty plea and satisfies the requirements of article 1.15 as long as it embraces every element of the charged offense. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009); *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1979) (op. on reh'g); *Ross v. State*, 931 S.W.2d 633, 635 (Tex. App.—Dallas 1996, no pet.).[12] Appellant's admission and judicial confession that he committed the offense of aggravated sexual assault of a child was sufficient evidence to support his plea of guilty in this case, *see Menefee*, 287 S.W.3d at 13, and the State complied with article 1.15 by presenting sufficient evidence to support the judgment of guilt. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15; *McGill*, 200 S.W.3d at 330. We resolve appellant's third issue against him.

### Conclusion

We resolve appellant's issues against him, and we affirm the trial court's judgment.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

160252F.U05

---

[11] *See also Moses v. State*, No. 05-07-01232-CR, 2008 WL 2579684, at *1 (Tex. App.—Dallas June 30, 2008, no pet.) (not designated for publication).

[12] *See Davis v. State*, No. 05-15-00552-CR, 2016 WL 3876586, at *4 (Tex. App.—Dallas July 12, 2016, no pet.) (mem. op., not designated for publication).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ENRIQUE GONZALO EUAN, Appellant

No. 05-16-00252-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas,
Trial Court Cause No. F-1476141-P.
Opinion delivered by Justice Fillmore,
Justices Lang and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 27th day of April, 2017.